BASS, by guardian, vs. COOK.

*As to the settlement of guardianship accounts.*

1. In the final settlement of the accounts of a guardian, before the Orphans' Court, an allowance to the ward, for his labor, while employed for the guardian, cannot be made.

In error to a decree of the Orphans Court of Dallas county.

By the record in this case, it appeared that the defendant in error, on the eighth day of March, eighteen hundred and thirty, was appointed a guardian of Lawrence Bass, by the Judge of the Orphans Court of Dallas. In February, eighteen hundred and thirty-six, the defendant made, before the Judge of that Court, a final settlement of his guardianship accounts,—in the course of which it appeared that the ward had lived with the defendant from March, eighteen hundred and twenty-eight, to the summer of eighteen hundred and thirty-four; that he had labored for him all the intervening time, except a small part of it, while attending school; and that his labor was worth considerably more than his maintenance during that period. The Judge of the Orphans Court, on the aforesaid settlement, refused to allow the excess, above mentioned, to be charged against the guardian: and to this decision the plaintiff excepted, and here assigned it for error.

*Clarke,* for plaintiff in error—*Edwards,* contra.

BASS, by guardian, *vs* COOK.

COLLIER, J.—It is not necessary to a decision of this case, that we should determine whether the defendant can be charged in any form of proceeding for the work and labor of the plaintiff's ward, while subject to the guardianship of the defendant.   If the profits resulting from this source did not constitute a part of the trust estate, in the adjustment of the defendant's accounts, they should not have been considered, unless to ascertain the expense to which he had been subjected, in taking care of the person of his then late ward.   That they were part of the estate of the ward entrusted to the management of the defendant, or the increase of that estate,—no one can believe.   On the contrary, if they constitute a demand legally enforceable, it is one growing out of the industry and labor of the ward.

Guardians are required to report to the Judge of the County Court, an inventory of the estate, both real and personal, which they shall have received or taken possession of; and shall exhibit, once in every year, and oftener if required, an account of the product of the estate, and of the sale and disposition of such product and disbursements.[*] But nothing is said in our laws, in regard to the personal earnings of the ward.   The condition of the bond of the guardian, is, to perform all the duties which are or may be required of him by law :[†] beyond the scope of this undertaking, his sureties cannot be charged; nor can the Judge of the County Court affix a liability upon him, by any order or decree, which the law has not first authorised.

Again : if a guardian be chargeable to the ward for his personal labor, it must be after the relation-

[*]Aik. Dig. 220.

[†] ib. 177.

ship of confidence and trust shall have ceased to exist, and then only, not because he had been guardian, but because he had derived a benefit from services he could not legitimately command.

"A guardian," says Mr. Reeves, " is one that legally has the care and management of the person or the estate, or both, of a child, during his minority, whose father has deceased."[*] And is said by Mr. Blackstone, to stand in *loco parentis.*[†]

* Reeves'
Dom. Rel.
311.
†1 Bl. Co.
453, 462.

In the direction of the person of his ward, he must, of necessity, possess large discretionary powers, subject to be controlled in their exercise, if he abuses them. It is certainly the duty of the guardian to train his ward to habits of industry and economy—and if, in the practical inculcation of lessons which lead to the pursuit of these, he derives to himself a benefit, it would seem, upon principle, that he should incur no charge.

Chancellor *Kent* lays it down, "that the guardian's trust is one of obligation and duty, and not of speculation and profit."[‡] Consequently, he can not speculate upon his ward's money,—if he does, the ward is entitled to the profits arising from its employment: so, if he purchases a debt, at a discount, the benefit is to accrue to the infant. So, by a parity of reasoning, the person of the ward cannot be used solely to advantage the guardian : if, therefore, he is hired out or apprenticed, and a *premium* paid by the master, the ward would be entitled to recover the hire or *premium.* But he would not be entitled to it on a settlement of the guardianship account.

‡ 2 Kent's
Com. 187,
1st ed.

The settlement of the account by the Judge of the County Court, applying alone to the trust property,

the decree of the Judge, in the particular excepted to, is proper, and must consequently be affirmed.