No. 75.—THE INFERIOR COURT, for the use of DAVID L. PITTS, Guardian, &c., plaintiff in error, *vs.* LEMUEL CHERRY, defendant in error.

[1.] A ward, in Georgia, has the rght to choose his own guardian, on arriving at the age of fourteen—subject to the right of the Ordinary to refuse his sanction, if the selection be unwise and improvident.

[2.] The new guardian, however, cannot be appointed until the letters of the former guardian are revoked.

[3.] To sustain a suit by the newly appointed guardian, upon the bond of the former guardian, in which a breach of the bond is alleged, in not paying over and delivering the property of the ward to the plaintiff, some demand, by nim, should be proven.

Debt, in Muscogee Superior Court. Decision by Judge IVERSON, May Term, 1854.

Lemnel Cherry was appointed, by the Court of Ordinary of Muscogee county, the guardian of Robert Cherry, a minor.— The minor removed to the county of Pulaski, and in that county, upon his arrival at the age of 14 years, made choice of David L. Pitts as his guardian, who was appointed by the Ordinary of that county, and gave bond as guardian. At May Term, 1850, of the Court of Ordinary of Muscogee, a rule *nisi* was granted, reciting the appointment of Pitts as guardian, and charging the default of the former guardian, Cherry, in not making returns; and calling upon him to show cause, at the July Term, why his letters of guardianship should not be revoked. No cause being shown, at July Term, 1850, the letters of Cherry were revoked, and set aside.

In April, 1851, the Inferior Court, for the use of Pitts, as guardian, brought suit against Lemuel Cherry, on his bond, alleging the foregoing facts; and for breach of his bond, charged simply the receipt of a negro, notes, and various sums of money, for which he had failed to account. No demand was averred.

On demurrer, the Court dismissed the declaration, and that decision is assigned as error.

Inferior Court, for the use of David L. Pitts, vs. Lemuel Cherry.

Judge BENNING, having been of counsel in this case, did not preside.

DOWNING, for plaintiff in error.

JONES & JONES, for defendant in error.

*By the Court.*—STARNES J. delivering the opinion.

[1.] By analogy to the Common Law rule, which was established in cases of guardianship, *in socage*, it has been settled, generally, that a minor may choose his own guardian, at the age of fourteen. (*Co. Litt.* 123.  1 *Black. Com.* 461.) We are prepared to admit this rule as of force in our State, with the qualification, that this discretion may be so far controlled by the Ordinary, that he may refuse his sanction to an unwise or improvident selection.

[2.] We accordingly think, that the infant, in this case, had the right to make choice of his guardian when he did.  This right, however, has not been exercised in the proper way.

In such a case, the new guardian cannot be appointed until the letters of the first guardian are revoked.  There would be two guardians of the person and property at the same time, each appointed to the exclusive right to controle the same, and by Ordinaries of different counties.  This result must ensue, unless the letters of the first guardian are revoked before the other is appointed.

If the ward resides in a different county from that in which the guardian, whom he wishes removed, (as in this case,) was appointed and lives, he must bring to the notice of the Ordinary of that county, the fact of his desire to exercise his right, and choose a different guardian, when the first appointment may be revoked, and the guardian of his choice may then be appointed in the county of his residence.

The course prescribed is absolutely necessary, in order to prevent a conflict of jurisdictions, of official acts, and of conduct, on the part of the persons appointed.

In this view of the subject, David L. Pitts was not properly

appointed guardian; nor were the letters of Lemuel Cherry .revoked in the proper way.

[3.] We are also of opinion, that in a suit like that at bar, it would be better that some sort of demand should be made by the newly appointed guardian, for a delivery, to him, of the property belonging to the ward.

Unless this be done, and refusal ensue, we think there may be difficulty in making proof of a breach of the bond by the defendant, in not delivering the property and accounting with .the plaintiff.

Judgment affirmed.