ALFRED, *alias* OLIVER ADAMS, negro, plaintiff in error, *vs.* WILLIAM McKAY, defendant in error.

1. The mother of an illegitimate is entitled to its custody.
2. The Ordinary of the county of the mother's residence has no authority to apprentice an illegitimate without the consent of the mother, unless she be unable to support her child, or some other legal reason be shown why she should be deprived of the custody of it.

*Habeas corpus.* Decided by Judge VASON, Dougherty Superior Court, December, Adjourned Term, 1867.

This case was decided upon the petition and answer alone.

The petitioner claimed to be the master of Jesse Morris, a colored minor, aged fourteen years, he averred that said minor is the illegitimate child of the wife of plaintiff in error, born long before their marriage, that with the consent of the mother of said minor, petitioner took him into possession, and has kept him as a house-and-body-servant, greatly to the improvement of the minor, that he feels attached to said minor, and had, at the request and entreaty of the minor, and his election, had him bound to the petitioner as his apprentice by the Ordinary of said county, and that Oliver Adams had taken the minor out of his possession, intending to hire him out for gain, and then kept him restrained of his liberty, and prayed his discharge from said Oliver and restoration to petitioner.

Alfred *vs.* McKay.

OLIVER ADAMS, for answer to the writ, said that the mother "of said illegitimate" was, and for fifteen years had been, resident in said county, that the minor was over persuaded to importune said McKay to have him bound to him, but is now anxious to live with his mother (Oliver's wife), that the minor never has been a charge upon any one except his mother, and is now able to support himself, and denies that he wishes the minor to work for him.

The Judge decided that the detention was illegal, and ordered the minor restored to petitioner.

The plaintiff in error asks this Court to reverse said' decision.

H. MORGAN, for plaintiff in error.

JOHN A. DAVIS, for defendant in error.

WALKER, J.

1. By the Code, section 1750, the mother of an illegitimate is entitled to the possession of the child. Being the only recognized parent, she may exercise all the paternal power. This mother, the wife of plaintiff in error, has the right to the custody of her child, unless there exist some legal reason why she should be deprived of it. No such reason is alleged.

2. Defendant in error alleges that the mother consented that he should take the boy as a servant, and at the minor's request he was apprenticed to defendant in error by the Ordinary of the county. The mother, it appears, had resided in that county over fifteen years. How did the Ordinary obtain jurisdiction of the person of this boy so as to authorize him to apprentice him without the consent of the mother? The Act of March 17th, 1866, (pamph. Acts, p. 6,) authorizes the Ordinary to bind out certain minors whose parents reside out of the county; also, all minors whose parents are unable to support them. But neither branch of the statute is, by the facts, applicable to this minor, and therefore the Ordinary had no authority to apprentice him. The mother

resided in the county, and there was no evidence that she was unable to support him. Such being the facts, McKay acquired no right to the custody under this alleged apprenticeship, and the Court erred in ordering the boy into his custody.

Other reasons might exist why the mother should be deprived of the custody of her child, but none such are alleged in this record.

Judgment reversed.