## 1415.  JORDAN *v.* SMITH.

The ordinary has no power, under the Civil Code, § 2516, to appoint a guardian of the person of a child whose father is living, unless the parental rights of the latter have been forfeited and the forfeiture has been ascertained and declared in some regular proceeding authorized by law, after due notice to him.

Habeas corpus, from city court of Monticello—Judge Thurman. September 18, 1908.

Submitted December 8, 1908.—Decided February 9, 1909.

*A. Y. Clement,* for plaintiff.

POWELL, J. The record is meagre, but this much may be gathered: Frank Jordan had a minor child named Grace. On April 13, 1908, there was had before the ordinary a hearing on the question of the guardianship of this child. The contest, so the record states, was between Polly Jordan, an aunt of the child, and Carrie Smith, who does not appear to have been related. Frank Jordan was a witness at this hearing, and asked the ordinary to appoint Polly Jordan as the guardian, and expressed a willingness to relinquish his parental control in her favor. The ordinary nevertheless granted letters of guardianship over the person and property of the child to Carrie Smith. In May, 1908, Frank Jordan was convicted

of an offense and sentenced to the chain-gang; in June he escaped, and since that time has been a fugitive from justice. Prior to this conviction, but after the letters of guardianship had been granted to Carrie Smith, Frank and Polly Jordan went to the office of an attorney, and Polly Jordan had him to prepare a petition to the superior court, praying that she might adopt the child. Frank asked the attorney to sign his name to a waiver of service of the petition and to consent to the adoption. The attorney did this. Later, and after Frank had been sent to the chain-gang, this petition was filed, and at the August term of the superior court the judge of that court passed an order reciting that the jurisdictional facts were made to appear to him, also that Frank Jordan had been notified of the application, also that the adoption by Polly Jordan would be for the best interest of the child, and that the child should thereafter be the lawfully adopted child of Polly Jordan and capable of inheriting her estate. Polly Jordan thereupon brought habeas corpus against Carrie Smith for the custody of the child. The judge of the city court, before whom the application was brought, refused to hear evidence as to financial fitness of the parties, held that the appointment by the ordinary was valid, and that the judgment of adoption in the superior court was void as against Carrie Smith, because of lack of notice to her. Polly Jordan excepts.

Guardianship may exist as to a child's person or property, or both. As to the child's property there may be a guardianship vested in a person other than the parent, though the parent be living. The father, if living, is, however, the natural guardian both of the person and of the property of his legitimate child—as to the child's person unconditionally; as to the child's property conditionally and dependent upon his giving bond. Civil Code, §2513. By section 2516 of the Civil Code, the ordinary may appoint a guardian for a child having no guardian. No power of appointment exists under this section so long as there is a qualified guardian as to the particular feature—person or property—as to which the guardianship is sought. There can not be two guardianships at the same time as to either the person or the property of the infant, though one person may be guardian of its person and another may be the guardian of its property. Cf. *Pitts* v. *Cherry,* 14 *Ga.* 594. The ordinary is without power to appoint a guardian

for the person or for the property of a child unless the child has no guardian as to the one or the other of these things for which the guardianship is asked. A child with a living father, by law, has a natural guardian of his person. Therefore a "guardian of the person" is defined to be "one who has been lawfully invested with the care of the person of an infant *whose father is dead,* and is considered as standing in the place of the father." *Nicholson* v. *Spencer,* 11 *Ga.* 609. See also Bass *v.* Cook (Ala.), 4 Port. 390, 392. As Justice Bleckley says in *Beard* v. *Dean,* 64 *Ga.* 260, "To harmonize all the provisions of these three sections [Civil Code, §§2512, 2513,. 2516], they must be read attentively. Natural guardianship, pure and simple, is of the person only, and is incident to the relation of parent. . . For the mother or the father either to have guardianship of the child's property, the ordinary must be consulted; bond must be given, and by the ordinary accepted. When this is done the parent is guardian of both person and property. But suppose it is not done, what is the power of the ordinary? Merely to appoint some one else guardian to receive the property. Nothing is said of any authority to displace the parent as guardian of the person. For a minor having no guardian, the ordinary may appoint a guardian of person and property, or of either; but if the minor has a natural guardian, it certainly can not be said in a broad sense that he or she has no guardian. In such case the range of appointment is limited to guardianship of the property, for it is only as to property that there is no guardian." Sections 2504 and 2505 of the Civil Code provide for the removal of a father as natural guardian of his child's person, in certain cases. To such a proceeding the father must be a party, and he must be served with notice, otherwise the proceeding is void as depriving him of his parental control without due process of law. . See *Kennedy* v. *Meara,* 127 *Ga.* 78 (56 S. E. 243). After he has been removed and there is no longer a natural guardian, the ordinary's jurisdiction to appoint arises. See *Pitts* v. *Cherry,* supra. It is possible that if in the present case the father had asked the ordinary to appoint Carrie Smith the guardian of the person of his child, this would have operated as relinquishment of his parental control, under the Civil Code, §2502, par. 1; but the father asked that Polly Jordan be appointed, and this wish the ordinary disregarded. The appointment of Carrie Smith as guardian of the

child's person was therefore wholly without authority of law and did not have the effect of changing the lawful custody of the child.   When the father consented to the subsequent adoption of Polly Jordan, this had the effect of transferring his parental right to her, under the Civil Code, §2502, par. 2.    The fact that the father expressed his consent to the adoption at a date prior to the filing of the petition makes that proceeding in no wise irregular. Besides, the ascertainment of the father's consent was a matter for the determination of the judge of the superior court, and his finding as to that fact, as expressed in his order, is not subject to collateral attack.    The grounds upon which the judge of the city court based his judgment in the habeas corpus case being found to be not valid, that judgment is reversed.    *Walker* v. *Jones,* 1 *Ga. App.* 70 (50 S. E. 903).   Nothing in this opinion is to be construed as impairing the power of the court, in the hearing of the habeas corpus, to award the custody of the child according to its best interests, if it should appear that Polly Jordan is not a fit and proper person to take care of it.                              *Judgment reversed.*