*S. Holderness, Willis Smith, Boykin & Boykin*, contra.

---

13420. ROBISON *v.* ROBISON, guardian.

JENKINS, P. J. 1. The father, if alive, is the natural guardian of his child. Civil Code (1910), § 3032. As such, it is the father's duty to provide for the maintenance and protection of the child until majority (Civil Code, § 3020); and during such period, the child remains under the control of the father, who is entitled to his services and the proceeds of his labor. Civil Code (1910), § 3021.

2. This parental power, however. may be lost, among other ways provided by the statute, by voluntary contract, releasing the right to a third person (Civil Code, § 3021, par. 1); but an ordinary cannot, under section 3035, appoint another as guardian of the person of a child with a living father, unless the father's rights are voluntarily relinquished or forfeited in accordance with the provisions of the statute, and the forfeiture has been ascertained and declared in some regular proceeding authorized by law, after due notice to him. *Jordan* v. *Smith*, 5 *Ga. App.* 559, 560 (63 S. E: 595).

3. Where the father's rights are, as in the instant case, thus relinquished, the parental rights and obligations devolve upon the person standing in loco parentis. *Eaves* v. *Fears*, 131 *Ga.* 820 (2) (64 S. E. 269); *Southern Ry. Co.* v. *Flemister*, 120 *Ga.* 524 (5) (48 S. E. 150); *Stoddard* v. *Campbell*, 27 *Ga. App.* 363 (108 S. E. 311). Where a guardian of the person has been thus appointed, his power " over the person of his ward is the same with the father over his child, the guardian standing in his place; and in like manner it is the duty of the guardian to protect and maintain, and, according to the circumstances of the ward, to educate him." Civil Code, § 3058.

4. Where, upon the father's relinquishment of his parental authority and

control, the ordinary has appointed a guardian of the person of a minor, the guardian is entitled to the services of his ward, and upon him, prima facie, devolves the duty of maintenance and education. In the instant petition against the father by one who it is alleged was thus regularly and duly appointed guardian of the person of a minor, to recover the cost of alleged necessaries furnished by the petitioner to the child, there being no special contract alleged whereby the father assumed the duty or liability for the furnishing of the items claimed, no cause of action was stated. Timely exceptions pendente lite being preserved, and the error in overruling the general demurrer to the petition rendering the subsequent proceedings nugatory, it is unnecessary to pass upon the remaining exceptions in the motion for new trial.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 10, 1923.

Complaint; from Oconee superior court — Judge Fortson. January 21, 1922.

*F. A. Gillen, L. Dennis Penny, W. K. Meadow,* for plaintiff in error.

*E. V. Carter, Auslin Bell, West & West,* contra.