31382.  PHILLIPS *v.* MASSEY *et al.*

DECIDED SEPTEMBER 19, 1946.

*J. T. Sisk,* for plaintiff in error.

*Ben F. Cheek,* and *R. Howard Gordon,* contra.

PARKER, J. The Code, § 74-403, as amended by the act approved March 27, 1941 (Ga. L. 1941, p. 300), provides in part that, "Except as otherwise specified in the following sections, no adoption shall be permitted except with the written consent of the living parents of a child." And § 74-404, as amended by the act of 1941, supra, provides that "Consent of the parents shall not be required where a child has been abandoned by its parents, . . or where a parent is insane or otherwise incapacitated from giving such consent, and the court is of the opinion that the adoption is for the best interest of the child." These are the pertinent provisions of the law controlling in this case. After carefully considering these statutes, it is our opinion that the demurrer to the petition was properly overruled.

It will readily be observed that as a general rule the law requires the consent of the parents to the adoption of their child. One of the exceptions to the general rule is "where a child has been abandoned by its parents." The general requirement and the exceptions do not mean that both parents must be in the same category respecting the adoption of their child, that is, both consenting or both being in the position of having abandoned the child. If either parent consents, that is sufficient to meet the requirements of the statute as to consent so far as that parent is concerned; and if either parent has abandoned the child that, too, would meet the requirements of the exception to the statute as to that parent. Therefore, if one parent consents to the adoption and the other

parent has abandoned the child so that consent of such parent is not necessary, the essential provisions of the law relating to parental rights are satisfied. This must be the reasonable and common-sense view to take of the statutes.

As to the father of the child involved, it appears that he consented in writing to the adoption. Although it also appears from the petition that he was thereafter persuaded by another person to deny the signing of such written consent, his mere denial of a manifest act would not change the fact established by the act. Whether or not a consent once given by a father to the adoption of his minor child could be withdrawn, is questionable under the decision of this court in *Jordan* v. *Smith*, 5 *Ga. App.* 559, 562 (63 S. E. 595). It is not necessary to determine that question at this time, because under the record it is clear that the most the father did after consenting was to deny that he had consented. We do not think that this can be construed as a withdrawal of the consent nor as an effectual or legal repudiation of the consent.

As to the mother, a different situation appears, but one no less effectual than a consent would have been in depriving her of parental rights over the child. It appears from the allegations of the amended petition, that she voluntarily abandoned and deserted the child, leaving her without care, without proper nourishment, and without a home, making it necessary for welfare agencies to take charge of said child; and that this abandonment and desertion took place before the mother was put in prison to serve the sentences of the court. These allegations were not mere conclusions of the pleader, but were sufficient to charge an abandonment on the part of the mother, which dispensed with the necessity of obtaining her consent to the adoption of the child.

One ground of the demurrer complains of the allegation that the guardian appointed for the father had confirmed the father's consent and joined with the petitioners in praying for the adoption, on the basis thât the guardian's will can not be substituted for the will of the natural father. Since it appears that the father had consented to the adoption before he was adjudged mentally incompetent, it was unnecessary for the guardian to do anything in the matter. And, the allegations as to what the guardian did being unnecessary and useless, there is no merit in this ground of the demurrer.

It appears from the petition that the father consented to the adoption, and that the mother had abandoned the child, and thereafter her consent was not necessary. We think that the requirements of the law were amply set out in the allegations of the petition, and that the court properly overruled the demurrers. Finally, whether the father consented to the adoption, and whether the mother abandoned the child so that her consent was not necessary, are matters to be ascertained and determined by the judge in hearing the case, as was said in *Jordan* v. *Smith,* supra; and our ruling now is that the allegations of the amended petition were sufficient to state a case upon which a hearing could be had.

    *Judgment affirmed. Sutton, P. J., and Felton, J., concur.*