### 35458. SNELL *et al. v.* LOPEZ.

DECIDED MARCH 3, 1955.

554

*A. J. Whitehurst,* for plaintiffs in error.

*Steve M. Watkins,* contra.

GARDNER, P. J. 1. The motion to dismiss the petition for revocation of the letters of guardianship was on the ground that it "fails to set out that payment of such sum (the board bill of $6 per week alleged to be owing) has been properly paid since the date of the appointment of defendants as guardian, and fails to tender such sums into court, and is, therefore, seeking equity without doing equity." Since the judgment of the court of ordinary granting the letters of guardianship expressly provided that the Snells should "take over the care, maintenance, education, and support of said child without financial recompense," and since, in any event, the question of whether or not the letters of guardianship issued to the Snells should be revoked could not be determined with reference to whether or not the plaintiff owed them a money debt, the motion to dismiss was properly denied.

2. The defendants' plea in bar to Mrs. Lopez' petition was based on allegations that the latter had previously brought a habeas corpus proceeding against the former, which had been dismissed on a general demurrer that "The petition shows on its face that respondents' (Snells') right to the custody of said child is legal." This plea is therefore in effect a plea of res judicata, and the judgment thereon is not such a final judgment as may be brought to this court prior to the final determination of the case. *Loveless* v. *McCollum,* 189 *Ga.* 219 (1) (5 S. E. 2d 582); *Seaboard Air Line Ry. Co.* v. *Sarman,* 36 *Ga. App.* 448 (136 S. E. 920); *Crider* v. *Harris,* 181 *Ga.* 555 (182 S. E. 592). Accordingly, this assignment of error is not here passed upon.

3. In the judgment of the Supreme Court transferring this case to this court (*Snell* v. *Lopez,* 211 *Ga.* 60, 84 S. E. 2d 45), which constitutes the law of the case, it was held that the trial court "with no pleadings therefor and without hearing any evidence, ordered the defendants as guardians of Barbara Jo Glisson's person to deliver her to the plaintiff until further order of

the court." As stated in *White* v. *Spahr*, 207 *Ga.* 10 (5) (59 S. E. 2d 916): "Where there are neither pleadings nor evidence to support a decree, it cannot lawfully stand." Accordingly, that part of the judgment of the superior court seeking to transfer temporary custody of the infant to the defendant in error pending a final determination of this case on the trial thereof, is erroneous and must be reversed. Further, under Code § 6-502, an appeal from the court of ordinary suspends, although it does not vacate, the judgment of the latter court. Accordingly, the judgment revoking the letters of guardianship was suspended pending the appeal, leaving the parties in statu quo. The superior court, on appeal from the court of ordinary, has no broader jurisdiction than that of the court of ordinary (*Griffin* v. *Securities Investment Co.*, 181 *Ga.* 455 (3), 182 S. E. 594), and accordingly could not consider the question of custody under its general equity powers. Further, the transfer of this case from the Supreme Court to the Court of Appeals decided that no equity question is here involved.

For all these reasons, the part of the judgment seeking to vest temporary custody in the defendant in error is contrary to law.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*