28825. MATHIS v. SAPP et al.

JORDAN, Justice.

Paul Mathis, appellant herein, was married to Linda Gail Sapp on June 4, 1971, and the couple resided in Muscogee County. Two children were born of this marriage, Alberta Gail and Lemuel Paul Mathis. The children have now attained the ages of twenty and nine months respectively.

In June of 1973, the mother entered the hospital for an operation and arrangements were made for the children to stay in Evans County with their maternal great grandmother, Mrs. Bert DeLoach, one of the appellees herein.

During the period of the wife's convalescence, both the appellant and his wife were injured by an explosion and subsequent fire that took place at their mobile home in Muscogee County. At the time of the explosion the children were still in Evans County. Appellant recovered

from his injuries but Linda Gail died as a result of burns on August 29, 1973, after being hospitalized for fifty-three days.

After his wife's funeral the appellant went to Evans County and requested the return of his children. Appellant was told by Ernest Sapp, the children's maternal grandfather, also one of the appellees in this appeal, that he should return to Columbus until he received his first paycheck and then he could return for his children. Appellant complied with this request and on September 24, 1973, he appeared in Claxton to take custody of his children. At that time appellant was informed by appellee Sapp that he should leave Evans County and never return and that a failure to comply with this request would result in physical abuse being directed toward him.

On October 17, 1973, the appellees filed petitions for letters of guardianship in the Evans County Court of Ordinary seeking to have themselves appointed guardians of the persons and property of the two children. The appellant, on November 26, 1973, filed a petition in the Evans County Superior Court seeking to enjoin the guardianship proceeding and also seeking a writ of habeas corpus. The appellant claimed in his petition that the Evans County Court of Ordinary had no jurisdiction over the guardianship proceeding since the children resided in Muscogee County. The appellees filed an answer to the petition and a motion to dismiss same on the ground that the issues to be determined in the Court of Ordinary of Evans County would be identical to the issues to be determined by Evans Superior Court and that the relief sought by the plaintiff was available to him in the Court of Ordinary in Evans County under Code § 50-103. The Evans County Superior Court granted appellees' motion to dismiss and it is from this ruling that appellant appeals. *Held:*

We reverse. The domicile of a child is that of his father unless the father has voluntarily relinquished his parental authority over the child. Code § 79-404. It is undisputed that the appellant father was a resident of Muscogee County. Only the Court of Ordinary of Muscogee County would have jurisdiction of a petition

for letters of guardianship for children domiciled in that county. Code § 49-105. The mere fact that the appellees have made application for letters of guardianship does not confer upon them "any present right to assume charge over the child of another, and certainly can not operate to justify any past wrongful detention of such child." *Ring v. Weinman,* 116 Ga. 798 (43 SE 47).

The Court of Ordinary of Evans County did not have jurisdiction over the guardianship proceeding and it was therefore error to deny appellant's application for injunctive relief. The question of the alleged illegal detention was properly raised in Evans County by appellant's application for habeas corpus and it was error to dismiss same.

*Judgment reversed. All the Justices concur.*

ARGUED MAY 13, 1974 — DECIDED SEPTEMBER 3, 1974.

*Paul W. Calhoun, Jr., Malcolm F. Bryant,* for appellant.

*Findley, Ratcliffe & Callaway, William E. Callaway, Jr.,* for appellees.