## 60733. WHITLOCK v. BARRETT.

CARLEY, Judge.

Appellant is the natural mother of an illegitimate child. Appellee is the mother of the putative father of the child. Appellee filed a petition for letters of guardianship of the person and property of the child in the Probate Court of Clarke County. Appellant was served with a copy of the petition in Madison County, the county of her domicile. Appellant filed an answer to the petition, stating that she was a resident and domiciliary of Madison County, that as a mother who had not relinquished her rights to her child she was the child's natural guardian and that the child was, therefore, a resident and domiciliary of Madison County. Code Ann. § 79-404. Appellant moved to dismiss the petition on the grounds that the Probate Court of Clarke County lacked personal jurisdiction over both her and her child and that the court lacked subject matter jurisdiction "since a judgment in favor of [appellee] would result in a termination of parental rights." While the Probate Court apparently made no ruling on the motion to dismiss the petition, it entered an order merely reciting that the child "is a resident of [Clarke] County, under the age of fourteen years; that [appellee] is a resident of this State, and no objection having been filed, it is ordered that [appellee] be, and she is hereby appointed Guardian of the person and property of said [child] . . ."

Appellant appealed this order of the Probate Court to the Superior Court of Clarke County. Thereafter, appellant again moved to dismiss appellee's petition for lack of personal and subject matter jurisdiction. See generally *Smith v. Atlanta Mut. Ins. Co.,* 42 Ga. App. 254 (2) (155 SE 535) (1930). Again there was no formal ruling on appellant's motion but, rather, the judge of the superior court apparently determined to resolve the issues raised by the motion to dismiss by requiring the jury to return a special verdict answering the following questions:

1. Has appellant failed to contribute to the support of the child and has she acquiesced for a long period of time in appellee's control of the child?

2. Has appellant entered into a voluntary contract with the appellee releasing to the appellee her parental rights to the child?

3. Is the appellant physically, mentally or morally unfit to have

custody of the child?

4. Is the appellee physically, mentally or morally unfit to have custody of the child?

The superior court judge decided before hand that if the jury answered "no" to Questions 1, 2 and 3, appellant would be appointed guardian but if the jury answered "yes" to either Question 1, 2 or 3 and answered "no" to Question 4, appellee would be appointed guardian.

The appeal then came on for trial in the superior court and was submitted to the jury under the special verdict. The jury answered "yes" to Questions 1 and 3 and "no" to Questions 2 and 4. The judge then entered judgment on this verdict and, as had been the predetermined result of such a verdict, appointed appellee the guardian of the child.

Appellant appeals from this order, enumerating as error the failure to dismiss the proceeding for lack of subject matter jurisdiction, lack of personal jurisdiction and improper venue.

We believe the superior court erred in failing to grant the motion to dismiss in the instant case. "There can not be two guardianships at the same time as to either the person or the property of the infant, though one person may be guardian of its person and another may be guardian of its property. [Cit.] The ordinary is without power to appoint a guardian for the person or for the property of a child unless the child has no guardian as to the one or the other of these things for which the guardianship is asked. . . . [A] 'guardian of the person' is defined to be 'one who has been lawfully invested with the care of the person of an infant *whose [natural guardian] is dead,* and is considered as standing in the place of the [natural guardian].' [Cits.] . . . '. . . Natural guardianship, pure and simple, is of the person only, and is incident to the relation of parent . . .' " *Jordan v. Smith,* 5 Ga. App. 559, 560-561 (63 SE 595) (1908). The mother of an illegitimate child is its natural guardian, *Alfred v. McKay,* 36 Ga. 440 (1867), with the prima facie right to custody. *Kilgore v. Tiller,* 194 Ga. 527 (22 SE2d 150) (1942). See also Code Ann. § 74-203. Thus, we find that "[t]he ordinary has nothing to do with constituting the mother natural guardian . . . The mother [is natural guardian] by operation of law, and without any action whatever by the ordinary—no appointment, no letters of guardianship are contemplated . . . Nothing is said of any authority [of the ordinary] to displace the parent as guardian of the person. For a minor having no guardian, the ordinary may appoint a guardian of person and property, or of either; but if the minor has a natural guardian, it certainly cannot be said in a broad sense that he or she has no guardian. In such case the range of appointment is limited to guardianship of the property, for it is only

as to property that there is no guardian." *Beard v. Dean,* 64 Ga. 258, 260-261 (1879). Code Ann. §§ 74-108, 109 and 110 "provide for the removal of a [parent] as natural guardian of his child's person, in certain cases. To such a proceeding the [parent] must be a party, and he must be served with notice, otherwise the proceeding is void as depriving him of his parental control without due process of law. [Cit.] After he has been removed and there is no longer a natural guardian, the ordinary's jurisdiction to appoint arises. [Cit.]" *Jordan v. Smith,* 5 Ga. App. 559, 561, supra. The probate court has no authority to appoint another as guardian of the person of a child with a living natural guardian unless the loss of that status "has been ascertained and declared in some regular proceeding authorized by law, after due notice [is given]. [Cit.]" *Robison v. Robison,* 29 Ga. App. 521 (116 SE 19) (1922).

The application of the above stated rules to the instant case demonstrates that it was error to fail to grant appellant's motion to dismiss. When appellant showed that she was the child's mother, that her parental rights had not been relinquished or forfeited "in some regular proceeding authorized by law," and that she was, therefore, the natural guardian of the child, the probate court was without jurisdiction to appoint someone else the guardian of the child's person. *Jordan v. Smith,* 5 Ga. App. 559, supra; *Robison,* 29 Ga. App. 521, supra. Furthermore, even if a probate court has subject matter jurisdiction over the petition of guardianship in the instant case, only the Probate Court of Madison County, not Clarke County, would have jurisdiction to hear the matter. *Mathis v. Sapp,* 232 Ga. 620 (208 SE2d 446) (1974).

The superior court, apparently aware of the jurisdictional problems—that the probate court could not appoint a guardian unless appellant had lost her parental right to custody of the child and that if custody had not been lost, venue would not be proper in Clarke County—determined to submit the question of appellant's right to custody to the jury in the form of a special verdict. To that end, if the jury found appellant had lost her right to custody over the child to appellee, it would be determined that the Probate Court of Clarke County had jurisdiction to grant letters of guardianship. If the jury found in their special verdict that appellant had not lost her right to custody, the superior court determined that appellant would then be appointed guardian of the child (even though, as we have seen, in such a case appellant would be the "natural guardian" of the child by operation of law and needed no appointment to that status).

This, too, was error. The superior court in this case had no more jurisdiction than did the probate court and we know of no authority for a superior court to, sua sponte, change the nature of a case from

one involving an application for letters of guardianship to one involving a parent's right to custody over her child. Cf. *Mathis v. Sapp,* 232 Ga. 620, supra, *Snell v. Lopez,* 91 Ga. App. 552 (86 SE2d 363) (1955). Jurisdiction of a court to afford the relief sought is a matter which should be decided preliminarily, at the outset. Jurisdiction either exists or does not exist without regard to the merit of the case. *Holbrook v. James H. Prichard Motor Co.,* 27 Ga. App. 480 (109 SE 164) (1921). Since the Probate Court of Clarke County lacked jurisdiction, the petition should have been dismissed and no further inquiry made. *Hughers v. Chapman,* 60 Ga. 595 (1878). See also *McDowell v. McDowell,* 194 Ga. 88, 92 (20 SE2d 602) (1942). However, what the superior court did here was to turn the case from one in which the question was appellee's right to guardianship over the child—a right which no one had unless appellant's loss of that right had been previously "ascertained"—into one in which the question was appellant's right to custody over her child. In short, the superior court turned the very factor which required dismissal of the case into the very question for resolution. This was clearly erroneous. A probate court lacked jurisdiction to name anyone the guardian of the person of the child so long as appellant's parental rights to custody were extant. The subsequent action of a Clarke County jury cannot confer this jurisdiction. Even if appellee's petition for guardianship could be construed as a petition for habeas corpus over which a probate court may have jurisdiction, *Durden v. Barron,* 244 Ga. 277 (260 SE2d 17) (1979), the Probate Court of Clarke County would be an improper forum because Clarke County is not in "the circuit where the illegal detention exists." Code Ann. § 50-103. Appellant should not have been forced to litigate and lose her custody rights to her own child in Clarke County but this was the net effect of the superior court's action. See *Girtman v. Girtman,* 191 Ga. 173, 180 (4) (11 SE2d 782) (1940).

It is apparent in this case that the filing of the petition for letters of guardianship in the Probate Court of Clarke County has been used as the means to end appellant's lawful right to custody of her child as its natural guardian. However, neither the probate court of that county nor the superior court hearing an appeal from the probate court had the jurisdiction to appoint a guardian over the person of the child so long as appellant's right to custody under Code Ann. § 74-203 and her status as natural guardian were beyond question. The loss of that right and that status must have been ascertained and declared in an authorized proceeding under law. *Jordan,* supra; *Robison,* supra. No court of Clarke County had the authority to question and change appellant's status as the natural guardian of her child with the concomitant right to exercise custody over him. *Girtman v. Girtman,*

supra; *Quire v. Dept. of Family &c. Serv.*, 242 Ga. 85 (249 SE2d 538) (1978). It was, therefore, error to fail to dismiss appellee's petition of guardianship and, accordingly, the order appointing appellee guardian of the child is reversed.

*Judgment reversed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED MARCH 4, 1981 — REHEARING DENIED MARCH 23, 1981 —

*Willie J. Woodruff, Jr., Kendric E. Smith,* for appellant.
*John A. Kupris, C. P. Brackett,* for appellee.