**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and MERCIER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 15, 2017**

# In the Court of Appeals of Georgia

A17A1079. HILL et al. v. ILES.

MCMILLIAN, Judge.

Willie and Yvonne Hill, the maternal grandparents of K. L., a minor child, appeal the trial court's award of sole legal custody of K. L. to her father, Gerren Iles ("Father"). The Hills assert that the trial court erred in awarding Father sole legal custody of K. L. because (1) the only issue before the trial court was Father's motion to vacate the Hills' guardianship of K. L. and (2) K. L.'s mother ("Mother") was not given notice of the pending action or hearing date.[1] For the reasons that follow, we vacate and remand.

We review a trial court's order regarding a change in custody or visitation for an abuse of discretion. *Jackson v. Sanders*, 333 Ga. App. 544, 558 (5) (773 SE2d

---

[1] Father has not filed a response brief on appeal.

835) (2015). However, whether a trial court is authorized to modify custody is a question of law, and we owe no deference to the trial court's ruling. See *Hammonds v. Park*, 319 Ga. App. 792, 794 (3) (735 SE2d 801) (2012).

The limited record shows that K. L. was born in 2007. Father was not listed on the birth certificate. Father and Mother later married in 2008 and moved to Texas to live with Father's parents. In 2009, Mother took K. L. to Georgia, and in 2010, Mother sent K. L. to live with the Hills. In July 2012, with Mother's consent, the Hills filed a petition for temporary letters of guardianship of K. L. in the Probate Court of Walton County. Because the Hills alleged that Father's address was unknown, he was served by publication.[2] The probate court then granted the Hills' petition.

Just over two years later, in August 2014, Father filed a motion to vacate the order granting the temporary letters of guardianship. Father also attempted to introduce the results of a DNA test indicating he was the biological father of K. L. The Hills objected to Father's motion, and Father later moved for a judgment on the pleadings. On May 12, 2015, the probate court denied Father's motion, finding that, although the marriage of the mother and biological father of a child born out of

---

[2] There appears to have been uncertainty for some time as to whether Father was K. L.'s biological father.

2

wedlock and recognition of the child by the father shall render the child legitimate, the father must still prove he is the biological father. The probate court further found that the DNA report was insufficient to establish that Father was K. L.'s biological father because the report did not include a client identification form or chain of custody.

Father timely appealed to the Superior Court of Walton County. In June 2016, the trial court held a hearing and found the chain of evidence for Father's initial DNA test was inadequate and ordered that a new test be completed. During a later hearing in October 2016, Father's paternity was confirmed.[3] The trial court then issued an order terminating the Hills' temporary letters of guardianship, granting Father full legal custody of K. L., and providing for Father's visitation with K. L. until she finished the remainder of the school semester in Georgia. This appeal followed.[4]

1. In their first enumeration of error, the Hills assert that the trial court was not authorized to award custody to Father because the only issue before the trial court

---

[3] The trial court also confirmed that, although Mother and Father had lived in separate states since 2009, they were still legally married.

[4] On appeal, the Hills contest only that portion of the trial court's order granting full legal custody to Father and do not challenge the termination of the letters of guardianship.

3

was Father's appeal of the denial of his motion to vacate the temporary letters of guardianship. Georgia law is clear that any complaint seeking to obtain legal custody of a child "shall be brought as a separate action." OCGA § 19-9-23 (a). See also *Hammonds*, 319 Ga. App. at 794 (3) (mother's oral motion for change in custody failed to meet requirements of OCGA § 19-9-23 where it was brought in response to a contempt petition and not in the county where father resides); *Whitlock v. Barrett*, 158 Ga. App. 100, 102-03 (279 SE2d 244) (1981) ("we know of no authority for a superior court to, sua sponte, change the nature of a case from one involving an application for letters of guardianship to one involving a parent's right to custody over her child"). Accordingly, it was error for the trial court to grant a change in custody, and we therefore vacate that portion of the trial court's order. See *Hammonds*, 319 Ga. App. at 795 (3).

2. Based on our holding in Division 1, we need not reach the Hills' second enumeration of error.

*Judgment vacated and case remanded. Barnes, P. J., concurs. Mercier, J., concurs specially.*

# In the Court of Appeals of Georgia

A17A1079. HILL et al. v. ILES.

MERCIER, Judge, concurring specially.

While I concur fully with the majority opinion, I write separately to further explain my analysis of this case.

Relying on the facts as outlined in the majority, it is undisputed that the mother and father are still legally married and, other than the temporary guardianship at issue in this case, it does not appear from the record that there has been any other proceeding that, as of yet, ascertained and declared that either parent had lost or given up any custodial rights to the child or, in the alternative, that one parent has a superior custody right over the other parent or a specified third party. Therefore, it necessarily follows that once the trial court determined that the temporary guardianship should be terminated, custody would be returned to the parents as both are still the natural guardians of the child. See *Whitlock v. Barrett*, 158 Ga. App. 100, 103 (279 SE2d 244) (1981). Therefore, the most the trial court could have done would have been to return full custody to both parents. Any delineation of custody and/or visitation

between the parents or to a third party would have exceeded the trial court's authority. See id. (finding that "neither the probate court of that county nor the superior court hearing an appeal from the probate court had the jurisdiction to appoint a guardian over the person of the child so long as the appellant's [i.e., the natural mother's] right to custody and her status as natural guardian is beyond question. The loss of that right and that status must have been ascertained and declared in an authorized proceeding under law.").

Significantly, the maternal grandparents did not appeal the trial court's decision to terminate the guardianship and, based on the record, they did not clearly object when the trial court announced its intention to terminate the guardianship. Rather, when the court made that announcement, the grandparents responded that their only request was that if the court was "entering an order" designating the child's placement that day, that the child would stay "where she is, where she's been." The grandparents stated that "there's no reason today's not set for a temporary hearing on the custody issue." The grandparents then asked the court to appoint a guardian ad litem "to make sure the child should be with [the father] but if so[,] then the transition," adding that the appointment would ensure "that this child . . . is not uprooted from the only home she remembers and moved." The court replied that it

would appoint a guardian ad litem, but not necessarily to help with a "transition." The court thereafter discussed with the parties various custody and visitation matters, which discussion the grandparents participated in without voicing any objection.

In short, the grandparents tacitly asked the trial court to address the custody issue of which they complain on appeal, with the end result being that they got exactly what they requested – the blurring of the instant guardianship case with a separate custody action. See *Graybill v. Attaway Construction & Assocs.*, 341 Ga. App. 805, 808-809 (1) (_ SE2d _) (2017) (a party cannot participate and acquiesce in a trial court's procedure and then complain of it); *Oglethorpe Power Corp. v. Estate of Forrister*, 332 Ga. App. 693, 699 (2) (b) (774 SE2d 755) (2015) (a party cannot be heard to complain on appeal of error induced by his own conduct, nor to complain of errors expressly invited by him at trial).