Mercier, Judge,
concurring specially
While I concur fully with the majority opinion, I write separately to further explain my analysis of this case.
Relying on the facts as outlined in the majority, it is undisputed that the mother and father are still legally married and, other than the temporary guardianship at issue in this case, it does not appear from the record that there has been any other proceeding that, as of yet, ascertained and declared that either parent had lost or given up any custodial rights to the child or, in the alternative, that one parent has a superior custody right over the other parent or a specified third party Therefore, it necessarily follows that once the trial court determined that the temporary guardianship should be terminated, custody would be returned to the parents as both are still the natural guardians of the child. See Whitlock v. Barrett, 158 Ga. App. 100, 103 (279 SE2d 244) (1981). Therefore, the most the trial court could have done would have been to return full custody to both parents. Any delineation of custody and/or visitation between the parents or to a third party would have exceeded the trial court’s authority. See id. (finding that “neither the probate court of that county nor the superior court hearing an appeal from the probate court had the jurisdiction to appoint a guardian over the person of the child so long as appellant’s [i.e., the natural mother’s] right to custody . .. and her *823 status as natural guardian were beyond question. The loss of that right and that status must have been ascertained and declared in an authorized proceeding under law.”).
Decided September 15, 2017.
Foster, Hanks & Ballard, Marcy A. Hanks, for appellants.
Markeith D. Wilson, for appellee.
Significantly, the maternal grandparents did not appeal the trial court’s decision to terminate the guardianship and, based on the record, they did not clearly object when the trial court announced its intention to terminate the guardianship. Rather, when the court made that announcement, the grandparents responded that their only request was that if the court was “entering an order” designating the child’s placement that day, that the child would stay “where she is, where she’s been.” The grandparents stated that “there’s no reason today’s not set for a temporary hearing on the custody issue.” The grandparents then asked the court to appoint a guardian ad litem “to make sure the child should be with [the father] but if so[,] then the transition,” adding that the appointment would ensure “that this child ... is not uprooted from the only home she remembers and moved.” The court replied that it would appoint a guardian ad litem, but not necessarily to help with a “transition.” The court thereafter discussed with the parties various custody and visitation matters, which discussion the grandparents participated in without voicing any objection.
In short, the grandparents tacitly asked the trial court to address the custody issue of which they complain on appeal, with the end result being that they got exactly what they requested — the blurring of the instant guardianship case with a separate custody action. See Graybill v. Attaway Constr. & Assocs., 341 Ga. App. 805, 808-809 (1) (802 SE2d 91) (2017) (a party cannot participate and acquiesce in a trial court’s procedure and then complain of it); Oglethorpe Power Corp. v. Estate of Forrister, 332 Ga. App. 693, 699 (2) (b) (774 SE2d 755) (2015) (a party cannot be heard to complain on appeal of error induced by his own conduct, nor to complain of errors expressly invited by him at trial).