### 24079. BURTON v. THE STATE.

UNDERCOFLER, Justice. A. W. Burton was convicted of the murder of Lewis Pope, Jr. and upon recommendation of the jury for mercy was sentenced to life imprisonment. The evidence

shows that about 11 p.m., Easter Sunday night, April 10, 1966, the defendant took the decedent's estranged wife, Willie Pope, to the Peacock Club located on Auburn Avenue in the City of Atlanta. The decedent was also at the Peacock Club. Willie Pope complained that her estranged husband kept pulling at her coat and suggested to the defendant that they leave. They then left the club and were walking up the street together. Here the evidence becomes conflicting. Willie Pope testified that the decedent walked up behind her, that she turned around toward the decedent and fell, that he hit her on the side of her neck as she fell with a half-pint liquor bottle, broke it, and then kicked and "stomped" her, and that she did not remember anything for 5 to 10 minutes thereafter.

The State's witnesses testified that Willie Pope, while walking up the street with the defendant, encountered the decedent and another man standing together, whereupon the decedent said to her, "You know you done me wrong, don't you?" Then the decedent hit her in the face with a bottle and knocked her down, that thereafter she stood and was talking to the decedent when the defendant came up and hit him in the chest with what appeared to be his fist, that the defendant then ran up the street, and that Willie Pope ran up the street behind him.

The defendant in an unsworn statement said that when he encountered the decedent on the sidewalk the decedent stated that he was going to kill his wife and the defendant, that the decedent and the other man with him mumbled something to each other, that he thought they were going to "gang up" on him and he stood with his back against a parked automobile, that he was standing between the decedent and Willie Pope, that he saw the decedent throw a bottle which he thought was intended for him and which he dodged, that then the decedent attacked Willie Pope and started kicking her, that he went over to him and said, "Man, don't do that— that is not the thing to do" and pushed him, whereupon the decedent stumbled back, and that he did not know what happened after that.

None of the witnesses saw any person with a weapon, but immediately after the altercation and after the defendant had gone, the decedent opened his coat and found the inside covered with blood. He stated he was dying and was taken to

a hospital where he died a short time later from a knife wound in the heart.

The police officials were unable to locate the defendant after the homicide until April 18, 1966, when he was brought to the detective bureau by one of his attorneys.

The appellant filed a motion for new trial which was overruled and he duly filed his notice of appeal. He enumerates four grounds as error for consideration by this court. *Held:*

1. Appellant contends in his Enumeration of error No. 1 that he was denied the right to cross examine one of the State's witnesses. Appellants assert that when Officer R. B. Hendricks was on direct examination he was denied the right to cross examine him. The record shows that the assistant solicitor general stated that he anticipated that he would call this officer back at a later time to testify and it was then agreed by counsel for the defendant that he would cross examine him at the conclusion of such later examination by the State. The record further shows that, while the defendant was awaiting some of his character witnesses, he requested the court to then allow him to cross examine the said officer. The court allowed the requested cross examination. It follows that Enumeration of error No. 1 is without merit.

2. During the trial of this case, after the defendant had put his character into evidence, the State during the cross examination of one character witness asked him whether he would say that a man who had been charged with wife beating and abandonment of his minor children was a man of good character. Upon objection by the defendant, the court stated that it would instruct the jury to disregard the questions and instructed them that they were "not to consider that [evidence] at all." In our opinion the jury was amply instructed to disregard this matter and these enumerations of error are without merit. *Rentfrow v. State,* 123 Ga. 539 (1) (51 SE 596); *Withrow v. State,* 136 Ga. 337 (3) (71 SE 139); *Buchanan v. State,* 137 Ga. 774 (1a) (74 SE 536); and *Mimbs v. State,* 189 Ga. 189 (3) (5 SE2d 770).

3. The fourth enumeration of error complains of the failure of the trial judge to charge "the law of manslaughter" without a written request. An exception to an omission to charge on "manslaughter" is too vague and indefinite to raise any question for determination by this court when it does not point out the degree of manslaughter the defendant contends was

involved. *Johnson v. State*, 146 Ga. 190 (5) (91 SE 42);
*Armstrong v. State*, 181 Ga. 538 (3) ((183 SE 67); *Richardson v. State*, 207 Ga. 373 (2) (61 SE2d 489); and *Trammell
v. State*, 214 Ga. 384 (3) (104 SE2d 891). There is no merit
in this enumeration of error.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 9, 1967—DECIDED MAY 18, 1967—
REHEARING DENIED JUNE 8, 1967.

*John M. McGuigan*, for appellant.

*Lewis R. Slaton, Solicitor General, Jess H. Watson, J. Walter
LeCraw, Amber W. Anderson, Arthur K. Bolton, Attorney General, G. Ernest Tidwell, Executive Assistant Attorney General,
Carter A. Setliff, Assistant Attorney General*, for appellee.