28772, 28841. HERRING v. HERRING (two cases).

NICHOLS, Presiding Justice.

In September 1966 a divorce was granted dissolving the marriage of Dorothy Elizabeth Holland Herring and Billie Frank Herring. A lump sum settlement as to the wife's alimony was agreed to by the parties and made a part of the decree. Child support in the amount of $75 per month was awarded in accordance with such agreement, until "said child shall become 21 years of age, married or otherwise emancipated."

In June 1972 a petition was filed by the former husband in which he sought an order declaring the child emancipated thereby relieving him from further liability under the divorce decree for child support payments. Other relief consistent with this prayer was also sought. A rule nisi was issued, and after hearing evidence, the trial court ruled that *only* so long as the child was in custody of the police authorities of the state, its political subdivisions or the State Department of Human Resources that no child support payments would be due. Attorney fees were awarded the wife in such order as well as in a subsequent judgment. The former husband

appealed from the judgments adverse to him. *Held:*

1. The appellee's motion to dismiss the appeal has been carefully considered and is denied. This case does not come within the holding in *Taylor v. Columbia County Planning Comm.,* 232 Ga. 155 (205 SE2d 287).

2. The petition in this present case was not one seeking to modify an award of alimony so as to authorize the award of attorney fees to the wife under the provisions of the Act of 1955 (Ga. L. 1955, pp. 630, 632; Code Ann. § 30-223), but a petition seeking a declaration of the husband's responsibility under the original decree, and it is only where a modification of the alimony award is sought by the husband that attorney fees and expenses of litigation are authorized. See *Gallant v. Gallant,* 223 Ga. 394 (156 SE2d 61).

The award of attorney fees and expenses of litigation to the former wife was error and such judgments must be reversed.

The question of whether such proceeding is properly permitted was not raised in this court in this case. Accordingly, the question of whether such procedure is proper where objected to is not passed upon.

3. The enumerations of error which contend that the trial court should have found the couple's child emancipated, not only while in the custody of authorities but permanently, present nothing for review inasmuch as there is no transcript of the evidence presented to the trial court on such issue. Compare *Herring v. Herring,* 228 Ga. 492 (186 SE2d 538) and citations.

*Judgment affirmed in part; reversed in part in No. 28772. Judgment reversed in No. 28841. All the Justices concur, except Gunter, Ingram and Hall, JJ., who dissent.*

ARGUED APRIL 10 AND MAY 14, 1974 — DECIDED JUNE 21, 1974 — REHEARING DENIED JULY 9, 1974.

William F. Herring, *pro se.*

*Aynes, Burger, Genins & Kirby, Richard R. Kirby,* for appellee.

GUNTER, Justice, dissenting.

I would reverse the judgment below and direct the

trial court to determine the issue presented: Whether the child of the parties had been emancipated or not.

As I view the amended complaint of the appellant in this case, he sought a declaratory judgment as to whether the child of the parties had been emancipated or not. If emancipation had occurred, the appellant, pursuant to the terms of the former judgment, was not liable for child-support payments after emancipation. If emancipation had not occurred, the appellant was still liable for child-support payments. As I read this record the appellant contended that emancipation had taken place, and the appellee contended that the emancipation had not taken place. This issue amounted to an "actual controversy" between the parties within the meaning of Georgia's Declaratory Judgments Statute, Code Ann. § 110-1101.

The former judgment by which the parties were bound provided that child-support payments would be made until emancipation occurred. That former judgment is plain and clear, and it does not need to be construed. The issue for determination was one of fact: Whether emancipation had actually occurred or not. One party contended that it had, and the other party contended that it had not.

Our Declaratory Judgments Statute provides as follows: "(a) In cases of actual controversy the respective superior courts of the State of Georgia shall have power upon petition, or other appropriate pleading, to declare rights, and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such. (b) In addition to the cases specified in paragraph (a) of this section, the respective superior courts of the State of Georgia shall have power upon petition, or other appropriate pleading, to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, in any civil case in which it appears to the court that the ends of justice require that such declaration should be made, and such declarations

should have the force and effect of a final judgment or decree and be reviewable as such."

The appellant's complaint in this case was dismissed by the trial court without deciding the actual controversy, a fact issue, raised by the complaint. I am of the opinion that the trial court had to decide the issue, and its failure to do so was erroneous. I would reverse the judgment below and direct that this issue be decided in the trial court.

I agree that the complaint 'did not state a claim for the modification of the former judgment, and I agree that the judgment awarding attorney fees to the former wife was erroneous.

I respectfully dissent.

I am authorized to state that Justices Ingram and Hall join in this dissent.