## 29462. HERRING v. HERRING.

NICHOLS, Chief Justice.

Prior to a final determination of the controversy dealt with in *Herring v. Herring,* 232 Ga. 464 (207 SE2d

452), the wife filed a separate petition in the Superior Court of Cobb County to modify the prior child support award contained in the agreement made a part of the couple's divorce decree rendered in 1966 in the Clayton County Superior Court. On March 5, 1974, a hearing was held and a judgment rendered thereon requiring the husband to continue making the same monthly payments contained in the agreement between the parties, and to pay all expenses incurred in the couple's child obtaining an education in college or trade school. On March 15, 1974, the former husband filed a motion to strike and set aside the prior order of the court. On April 16, 1974, this motion was denied and dismissed upon the wife's motion. In this same order attorney fees were awarded the wife for defense against the husband's motion to strike and set aside the prior judgment of the court. On this same day two other judgments were rendered by the trial court which will be dealt with as necessary in the opinion. A certificate of immediate review was granted and the present appeal filed. Extensions of time for obtaining a transcript of evidence were granted which resulted in the case not being docketed in this court until October 29, 1974.

1. Any alleged error of the trial court in refusing to continue this case until a final decision was rendered in *Herring v. Herring,* supra, relating to emancipation of the couple's child was harmless in view of the decision of this court upholding the judgment of the Clayton County Superior Court that such child had not been emancipated.

2. Under the decision of this court in *Choquette v. Choquette,* 232 Ga. 759 (208 SE2d 848), the refusal of the trial court to consider the couple's child as emancipated under the provisions of the Act of 1972 (Ga. L. 1972, p. 193; Code Ann. §§ 74-104, 74-104.1), is without merit.

3. The appellant enumerates as error the failure of the trial court to grant the appellant's motion to dismiss. Such motion, attacking the lack of venue, is without merit. See *Duncan v. Medlin,* 226 Ga. 118 (172 SE2d 672). The remaining contention of the appellant as to why a motion to dismiss should have geen granted is controlled by the holding in Division 2 above.

4. In this case, as in the case of *Herring v. Herring,*

supra, from Clayton County Superior Court, there was no transcript included in the appeal. Accordingly, no question is presented as to whether or not the judgment ordering the former husband to provide funds for the further education of his child was supported by the evidence.

5. Under the facts of this case it cannot be said that the award of $100 attorney fees to the former wife because of the refusal of the defendant former husband to answer written interrogatories was error.

6. The Act of 1955 (Ga. L. 1955, pp. 630, 632; Code Ann. § 30-223) provides that where an application is filed by the husband under such Act the court may require the husband to pay reasonable expenses of litigation as may be incurred by the wife, either for herself, or the child or children, or both, in the defense thereof. Inasmuch as the present action seeking modification of the 1966 divorce decree was filed by the former wife the award of attorney fees was unauthorized. Compare *Griffin v. Griffin,* 226 Ga. 781, 783 (177 SE2d 696); *Gallant v. Gallant,* 223 Ga. 397, 400 (156 SE2d 61). The filing of a motion to set aside the judgment of the trial court modifying such original divorce decree by the husband is not tantamount to filing an action under the provisions of the 1955 Act, supra.

Accordingly, that part of the judgment denying the defendant's motion to strike and set aside the order of the trial court and sustaining the former wife's motion to dismiss such motion, which awarded the former wife $100 attorney fees, as prayed for in her motion to dismiss the motion to strike and set aside, must be reversed.

*Judgment affirmed in part and reversed in part. All the Justices concur. Hill, J., not participating.*

Submitted December 13, 1974 — Decided January 7, 1975 — Rehearing denied January 22, 1975.

William Frank Herring, *pro se.*
*Richard R. Kirby,* for appellee.