29207. CAGLE v. PMC DEVELOPMENT COMPANY
OF GEORGIA.

GUNTER, Justice.

This is an appeal from a judgment holding appellant in contempt of court for trespassing upon the lands of the appellee. The present contempt action grew out of a long history of litigation. See *Cagle v. Bell,* 202 Ga. 623 (44 SE2d 119) (1947); *Cagle v. PMC Development Co.,* 224 Ga. 515 (162 SE2d 723) (1968); and *Cagle v. PMC Development Co.,* 227 Ga. 309 (180 SE2d 545) (1971).

Let it be sufficient here to say that the appellant and Jack Cagle were held in contempt for trespass in violation of a previous judgment of the court. The contempt judgment provided that they could purge themselves of contempt by filing with the court a written acknowledgment that they would adhere to the terms of the earlier judgment. Jack Cagle and the appellant were confined in the county jail. Jack Cagle filed the necessary written compliance with the court purging himself, and he was released. Appellant declined to file such written compliance and while still incarcerated he filed a notice of appeal. The notice of appeal was filed on July 10, 1974. On July 25, 1974, the trial judge entered an order containing the following: "Calvin Cagle was taken into custody on June 17, 1974, and placed in the common jail of Hall County where he has remained continuously since. The obstructions complained of by the plaintiff have then been removed from their premises. Calvin Cagle has been confined in jail for a length of time that the court considers a proper punishment for the contempt. He has failed to file

a petition tendering a purge of the contempt. It is now considered, ordered, and adjudged that Calvin Cagle having been punished for the contempt, it is ordered that he be released from the common jail of Hall County, Georgia." The record also contains the return made by the deputy sheriff which shows that the appellant was released from jail on July 25, 1974.

It is therefore clear that the appellant was held in contempt of court, the contempt was punished by incarceration, and the appellant was then released.

The appellee has filed a motion in this court to dismiss the appeal as moot. We grant this motion.

There are legal ways to prevent a contempt judgment from becoming moot, and if the proper legal steps are taken as provided by law, an appellate court can and will determine the correctness or the incorrectness of the contempt judgment. However, those proper legal procedures must be followed, because once a contempt judgment has been complied with, or has been vacated, or has been rendered moot in any other manner, there is no remaining case or controversy for adjudication in the appellate court.

Under the facts of this case, when the appeal was filed in this court on July 30, 1974, appellant was no longer in contempt of court.

By virtue of the order that released the appellant, the judgment of contempt became moot.

*Appeal dismissed. All the Justices concur, except Jordan and Hall, JJ., who dissent.*

ARGUED SEPTEMBER 11, 1974 — DECIDED JANUARY 22, 1975 — REHEARING DENIED FEBRUARY 4, 1975.

*Palmour, Palmour & Lawson, James E. Palmour, III,* for appellant.

*Reed & Dunn, Robert J. Reed, R. Elliott Dunn, Jr., Smith, Smith & Frost, John H. Smith,* for appellees.

HALL, Justice, dissenting.

In my opinion this case is not moot under decisions of this court which have heretofore been followed. The

judgment of contempt[1] was a final one under Code Ann. § 6-701 and the appellant filed his notice of appeal from that judgment on July 10, 1974. "The filing of a notice of appeal serves to supersede a judgment and while on appeal, the trial court is without authority to modify such judgment. See *Jackson v. Martin,* 225 Ga. 170, 172 (167 SE2d 135), and cits. Accordingly, the judgment attempting to vacate the prior judgment, though rendered during the same term of court, was a nullity . . ." *Aetna Cas. &c. Co. v. Bullington,* 227 Ga. 485 (181 SE2d 495).[2] It follows that the trial court was without jurisdiction on July 25, 1974, to modify its previous judgment that was on appeal. *Sumbry v. Land,* 127 Ga. App. 786 (195 SE2d 228), and cits.

I am authorized to state that Justice Jordan joins in this dissent.

---

1. It should be noted that the trial judge treated the judgment as one for criminal contempt by stating in his July 25th order that the jail confinement was "punishment for the contempt."

2. As to an interlocutory appeal and supersedeas see *Turner v. Harper,* 233 Ga. 483.