## 29958. HERRING v. HERRING.

NICHOLS, Chief Justice.

This is the third appearance of related litigation between William F. Herring and Dorothy Herring to reach this court. See *Herring v. Herring,* 232 Ga. 464 (207 SE2d 452); s. c., 233 Ga. 484 (211 SE2d 893). The present appeal is from a judgment awarding attorney fees and expenses of litigation to the former wife as a result of the former husband's appeal reported in 233 Ga. The record contains no certificate of immediate review nor does the record make it appear that a final judgment has been entered in the suit.

The award of attorney fees was not an attempt to award alimony but purportedly related to sanctions under Section 37 of the Civil Practice Act, Ga. L. 1966, pp. 609, 650 as amended (Code Ann. § 81A-137).

Inasmuch as the judgment is not final nor one from which an appeal is otherwise permitted without a certificate of immediate review (Ga. L. 1965, p. 18; Ga. L. 1968, p. 1072; Code Ann. § 6-701), the appeal is premature and must be dismissed.

*Appeal dismissed. All the Justices concur.*

SUBMITTED MAY 19, 1975 — DECIDED JUNE 2, 1975.

William F. Herring, *pro se.*
Richard R. Kirby, for appellee.

GUNTER, Justice, concurring.

The order from which this appeal was taken grants to appellee "the sum of One Thousand ($1,000.00) Dollars as additional attorney fees as reasonable expenses necessarily incurred in obtaining the order to compel answers to the interrogatories." On the previous interlocutory appeal, this court affirmed the trial court's award of $100 as reasonable expenses and attorney fees incurred in compelling discovery under Code Ann. § 81A-137. After our judgment, the trial court entered the order here in question, which simply makes an additional award under § 81A-137. Whether or not the additional award was authorized, the order is not a final judgment and is not appealable without a certificate from the trial court.