30304, 30305. HERRING v. HERRING; and vice versa.
30397, 30398. HERRING v. HERRING (two cases).

PER CURIAM.

These four appeals grow out of continuing litigation between the parties in a domestic relations case. Prior appeals in the case are reported in 232 Ga. 464 (207 SE2d 452) (1974), 233 Ga. 484 (211 SE2d 893) (1975), and 234 Ga. 539 (216 SE2d 833) (1975).

1. The appeal in No. 30304 is from an order of the Cobb Superior Court issued April 10, 1975, which found William Herring in contempt for failure to pay $75 per

month child support as required by its earlier order of March 7, 1974 (affirmed in 234 Ga. 539, supra), and ordered that he be incarcerated unless he purge himself of contempt. He paid $1,019.20 ($75 per month plus the statutory interest) to Dorothy Herring, thereby purging himself, and the court released and dismissed him from the contempt order. He appeals.

Code Ann. § 6-701 provides for appellate court review of judgments and rulings of lower courts. It provides further that "Nothing in this paragraph shall require the appellate court to pass upon questions which are rendered moot." See Also Code Ann. § 6-809 (b) (3).

This court has held that where a litigant is found to be in contempt of court and is ordered held in jail, his appeal of that order becomes moot upon his release from jail. *Cagle v. PMC Development Co.,* 233 Ga. 583 (212 SE2d 765) (1975). The rule is the same where the litigant complies with the order of contempt by payment of the amount required. *Gabriel v. Gabriel,* 219 Ga. 290 (133 SE2d 25) (1963), and cits.

Here William Herring has paid the amount required, thus purging himself of contempt, and the appeal in No. 30304 is dismissed as moot.

2. The appeal in No. 30397 is from a later order of the trial court entered July 11, 1975, which again found William Herring in contempt for failure to make child support payments. This order included $150 for attorney fees. Again, William Herring paid the amount, thereby purging himself of contempt. The rule of law expressed in Division 1 is applicable and controlling here. Number 30397 is therefore dismissed as moot.

3. Number 30398 is an appeal by William Herring from an order entered July 11, 1975, finding him in contempt for refusing to pay attorney fees as previously ordered by that court on February 20, 1975. William Herring again purged himself of contempt by paying the required $1,000 attorney fees. Number 30398 is dismissed as moot.

4. In No. 30305, Dorothy Herring cross appeals from the order of April 10, 1975, on the ground that she was not awarded attorney fees as is provided for in Code Ann. § 30-219.

By motion filed February 4, 1975, Dorothy Herring moved to have her former husband held in contempt and moved for attorney fees in the sum of $1,000. By order dated February 20, 1975, the court awarded $1,000 in attorney fees as expense of requiring William Herring to answer interrogatories, and by order dated April 10, 1975, held him in contempt for nonpayment of child support. Under these facts, we cannot find that the trial court erred in not awarding attorney fees in its order of April 10, 1975.

*Numbers 30397, 30398 and 30304 are dismissed. Number 30305 is affirmed. All the Justices concur, except Hill, J., who concurs specially, and Ingram, J., who dissents from Division 4, and Hall, J., who dissents from Divisions 1, 2 and 3.*

30304, 30305, SUBMITTED SEPTEMBER 19, 1975 — 30397, 30398, SUBMITTED OCTOBER 3, 1975 — DECIDED JANUARY 6, 1976— REHEARING DENIED JANUARY 27, 1976.

William F. Herring, *pro se.*
*Aynes, Burger, Genins & Kirby, Richard R. Kirby,* for appellee.

HILL, Justice, concurring specially.

Although I concur in the judgment of the court dismissing three of the appeals as moot, I suggest that this long standing rule of law possibly should be re-examined. Because no argument has been made in this case urging such re-examination, it would be inappropriate for us to undertake it in this case.

If a person is found in contempt of court and ordered confined to jail, his appeal from that order becomes moot upon his release from confinement (*Cagle v. PMC Development Co.,* 233 Ga. 583, supra), because, as I understand the reasoning, the time spent in jail can never be restored to him even if an appellate court were to rule in his favor on the merits of the case.

However, I question whether this same reasoning applies to the payment of a sum of money. Generally a person can be made financially whole after he has paid the required amount, if on appeal the merits are reached and

he is successful.

INGRAM, Justice, dissenting.

I respectfully dissent to Division 4 of the majority opinion solely on the basis that Code Ann. § 30-219 requires a mandatory award of attorney fees of not less than $25 when the husband is found in wilful contempt of a child support or alimony order.