## 30419. HERRING v. HERRING.

NICHOLS, Chief Justice.
This is the fifth appearance of a case in this court growing out of litigation between these same parties. See 232 Ga. 464 (207 SE2d 452) (1974); 233 Ga. 484 (211 SE2d 893) (1975); 234 Ga. 539 (216 SE2d 833) (1975); 236 Ga. 43 (1976). In the present litigation the appellee (former husband) filed an action for declaratory judgment as to his rights and liabilities for child support due under the

divorce decree between the parties. He sought a decree that the child of the parties was emancipated and sought to enjoin the former wife from further efforts to collect child support for such child.

The appellant (former wife) filed a plea in which she challenged the jurisdiction of the court over the subject matter as well as a plea of res judicata. Both pleas were overruled.

The trial court, after hearing, determined that all questions of arrears and overpayments were res judicata because of previous rulings of the courts of Cobb and Clayton Counties and held that the question of emancipation should be left for decision in the modification suit then pending in the Cobb County Superior Court.

The appellant did not file a direct appeal from the judgment in the declaratory judgment action, but did file a motion to set aside the judgment under § 60 of the Civil Practice Act contending that the judgment was void on its face because the pleadings affirmatively show that no claim in fact existed. The trial court denied the motion and thereafter the present appeal was filed. Inasmuch as there was no timely appeal from the final judgment entered in the case, only the overruling of the motion to set aside the judgment may be reviewed. Compare *Williams v. Keebler,* 222 Ga. 437, 438 (150 SE2d 674) (1966).

The appellee alleged a controversy between the parties as to child support payments due appellant and continued citations for contempt by appellant. This was sufficient to give the trial court jurisdiction to determine the rights and liabilities of the parties. The trial court did not err in denying the motion to set aside the judgment.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 15, 1975 — DECIDED FEBRUARY 11, 1976 — REHEARING DENIED FEBRUARY 25, 1976.

*Richard R. Kirby,* for appellant.
William Frank Herring, *pro se.*