30672, 30673. HERRING v. HERRING; and vice versa.

GUNTER, Justice.

These appeals, one a direct appeal by the former wife and the other a cross appeal by the former husband, are the most recent installments in a continuing appellate saga. See *Herring v. Herring,* 232 Ga. 464 (207 SE2d 452) (1974); 233 Ga. 484 (211 SE2d 893) (1975); 234 Ga. 539 (216 SE2d 833) (1975); and 236 Ga. 43 (222 SE2d 331) (1976).

This last installment began when the former wife filed an application for contempt against the former husband for failure to pay past-due child support payments. The trial judge conducted a hearing at which evidence was received, reported, and transcribed; the trial judge then entered a judgment holding the former husband in contempt; the judgment established the amount of child support in arrears plus interest; the judgment allowed the husband to purge himself of contempt by making specified installment payments until the total amount found to be due was paid; the judgment awarded attorney fees to the former wife to be paid within ninety days from the date of the judgment as another requisite for the former husband to purge himself of contempt; the former wife, being dissatisfied with the judgment, filed a motion for a new trial that was later overruled on all grounds; and the former wife appealed, and the former husband cross appealed.

We affirm the judgment in both cases.

Having reviewed the transcript and the record, we conclude that the trial judge was correct in holding the former husband in contempt of court. Having passed that milestone, the primary remaining issue in the matter amounted only to an accounting to determine the amount

of child support that had been paid and the amount that remained due. The determination made by the trial judge is supported by the evidence, and we find no reversible error.

The former wife also complains that the trial judge erred in awarding only nominal attorney fees for the use of her attorney in prosecuting the contempt application. Code § 30-219 provides that in contempt proceedings the trial judge shall, if he makes certain findings, award "a reasonable fee" to the attorney for the applicant for contempt. On the basis of this record we cannot say that the fee awarded here was unreasonable.

The errors enumerated in the cross appeal are without merit.

*Judgment affirmed in 30672 and 30673. All the Justices concur.*

SUBMITTED JANUARY 9, 1976 — DECIDED APRIL 20, 1976 — REHEARING DENIED MAY 4, 1976, IN CASE NO. 30672.

*Aynes, Burger, Genins & Kirby, Richard R. Kirby,* for appellant.

William F. Herring, *pro se.*