## 52161. CARMICHAEL v. THE STATE.

CLARK, Judge.

This is an appeal from a judgment holding appellant in contempt of court. The contempt order, which was written and served upon appellant on January 30, 1976,

directed appellant's arrest "instanter" and his confinement for a period of three days. Notice of appeal was filed in the trial court on February 2, 1976, and the appeal was filed in this court on February 25, 1976. *Held:*

"There are legal ways to prevent a contempt judgment from becoming moot, and if the proper legal steps are taken as provided by law, an appellate court can and will determine the correctness or the incorrectness of the contempt judgment. However, those proper legal procedures must be followed, because once a contempt judgment has been complied with, or has been vacated, or has been rendered moot in any other manner, there is no remaining case or controversy for adjudication in the appellate court." *Cagle v. PMC Development Co.,* 233 Ga. 583, 584 (212 SE2d 765).

In *Cagle,* the appellant filed his notice of appeal in the trial court prior to his release from jail, but the appeal was not filed in the Supreme Court until after he had purged himself of the contempt by serving his sentence. It was held that since the appellant had been released from jail and was no longer in contempt of court when the appeal was brought to the Supreme Court, the judgment of contempt had become moot.

Since the instant appeal was filed with the clerk of this court at a time when appellant was no longer in contempt of court, the judgment of contempt has become moot. *Miller v. Land,* 126 Ga. App. 172 (190 SE2d 133).

*Appeal dismissed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED MAY 3, 1976 — DECIDED
MAY 12, 1976

*Elsie H. Griner, J. Laddie Boatright,* for appellant.
*W. J. Forehand, District Attorney,* for appellee.