A10A1645. JOHNSON v. THE STATE.
(702 SE2d 920)

MIKELL, Judge.

Following a jury trial, Richard O'Neal Johnson, Jr., was found guilty of family violence battery. He was also adjudicated in contempt of court after he left the courtroom without permission during the trial proceedings. Johnson moved for a new trial, but when he failed to appear for the hearing on the new trial motion, the trial court dismissed the motion. Johnson appeals his conviction for family violence battery, his conviction and sentence for contempt, and the dismissal of his motion for new trial.

Viewing the evidence in the light most favorable to the verdict,[1] the record reflects that on September 29, 2008, Johnson had an altercation with Kai Dyer, his girlfriend and the mother of his 16-month-old daughter. In the altercation, Johnson punched and injured Dyer. Johnson was charged by accusation with family violence battery[2] and tried before a jury. Toward the end of the first day of trial, and before the trial court had completed the charge to the jury, Johnson was found to have left the courtroom without permission. The next day, after the jury rendered its verdict, the trial court conducted a colloquy with Johnson concerning the contempt charge and then sentenced Johnson to 20 days in jail for contempt, based on Johnson's absenting himself from the proceedings on the previous day. The trial court reserved sentencing on the family violence battery conviction until after Johnson had served the sentence for contempt. At a pre-sentencing hearing on February 13, 2009, Johnson was sentenced to 12 months in prison for family violence battery.

New counsel was appointed to represent Johnson on appeal, and appellate counsel filed a motion for new trial on Johnson's behalf,[3] asserting the general grounds and also asserting that Johnson was denied effective assistance of trial counsel. Before the hearing on the motion took place, however, Johnson was released from prison by mistake. He did not show up at the new trial hearing scheduled for March 17, 2009, nor at the rescheduled hearing held on March 20, 2009. The state moved that Johnson's motion for new trial be dismissed as waived, and the trial court granted the state's motion. On May 12, 2009, Johnson moved for reconsideration of the trial court's order dismissing his motion for new trial, or in the alternative, for reinstatement of his motion for new trial. At oral argument on this motion, Johnson's counsel acknowledged that she had received the trial transcript, that she would waive Johnson's appearance, and that she wished to proceed on the motion for new trial on the ground of ineffective assistance. On May 29, 2009, the trial court entered an order denying Johnson's motion for reconsideration of the dismissal of his motion for new trial, on the ground that it could not proceed with an evidentiary hearing in Johnson's absence. This appeal followed.

1. The trial court erred in dismissing Johnson's motion for new

---

[1] See *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004), citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] OCGA § 16-5-23.1 (f) (1) ("If the offense of battery is committed between . . . persons who are parents of the same child . . . , then such offense shall constitute the offense of family violence battery and shall be punished as follows: (1) Upon a first conviction of family violence battery, the defendant shall be guilty of and punished for a misdemeanor").

[3] Duplicate motions for new trial were filed by Johnson's appellate counsel on March 13 and March 17, 2009.

trial on the ground that he was not present at the hearing on the motion. "A criminal defendant who is not laboring under the penalty of death has no right to be present during the hearing held upon his motion for new trial."[4] Even for those convicted of a felony, the constitutional right of the accused to be present during the course of the trial "does not extend to post-verdict procedures such as a motion for new trial."[5] Thus, Johnson did not waive his motion for new trial by his absence; all he waived was his presence at the hearing. Accordingly, we remand this case in order for the trial court to conduct a hearing on Johnson's motion for new trial and for further proceedings consistent with this opinion.

2. Johnson seeks review of his conviction for contempt of court. Our Supreme Court has held that "where a litigant is found to be in contempt of court and is ordered held in jail, his appeal of that order becomes moot upon his release from jail."[6] This Court has recognized that "the rule remains in force without limitation,"[7] even in a criminal contempt case, such as that at issue here. Although an exception to this rule has been made in cases involving an attorney,[8] the exception does not apply in this case because Johnson is not an attorney. Because Johnson has served the 20-day sentence imposed for contempt, his appeal of his conviction for contempt is moot.[9]

3. In light of our ruling in Division 1 above, it would be premature to address Johnson's remaining enumerations of error at this time.

*Judgment reversed and case remanded. Smith, P. J., and Adams, J., concur.*

---

[4] (Citations omitted.) *Moore v. State*, 254 Ga. 525, 531 (4) (c) (330 SE2d 717) (1985). Accord *Rosser v. State*, 284 Ga. 335, 336-337 (2) (667 SE2d 62) (2008) (trial court did not violate defendant's due process rights by denying his request to be present at hearing on motion for new trial); *Mantooth v. State*, 303 Ga. App. 330, 336-337 (2) (693 SE2d 587) (2010) (same).

[5] (Citation, punctuation and footnote omitted.) *Mantooth*, supra at 336 (2). See generally Jack Goger, Daniel's Georgia Criminal Trial Practice, § 17-7 (2009-2010 ed.) ("Generally, the defendant does not have a right to be present at post-verdict procedures such as a motion for a new trial, at which only questions of law, not questions of fact are determined") (punctuation and footnote omitted).

[6] *Herring v. Herring*, 236 Ga. 43, 44 (1) (222 SE2d 331) (1976) (appeal from order imposing fine for civil contempt was moot once appellant paid fine), citing *Cagle v. PMC Dev. Co. of Ga.*, 233 Ga. 583, 584 (212 SE2d 765) (1975) ("once a contempt judgment has been complied with, or has been vacated, or has been rendered moot in any other manner, there is no remaining case or controversy for adjudication in the appellate court").

[7] (Footnote omitted.) *In re Hatfield*, 290 Ga. App. 134, 136 (1) (658 SE2d 871) (2008) (dictum).

[8] See *In re Hughes*, 299 Ga. App. 66-67 (1) (681 SE2d 745) (2009) (even where attorney paid fine imposed upon contempt conviction, her appeal was not moot due to present and possible continuing adverse collateral consequences she might suffer as result of conviction); *In re Hatfield*, supra at 137 (1) (same).

[9] See *Herring*, supra.

DECIDED NOVEMBER 17, 2010.

*Danielle P. Roberts*, for appellant.

*Tasha M. Mosley, Solicitor-General, Keith E. Gammage, Assistant Solicitor-General*, for appellee.