## A11A1522. SUMNER v. BATCHELOR.
(722 SE2d 858)

DOYLE, Presiding Judge.

This appeal arises from the trial court's denial of a motion to dismiss a petition for change of custody based on lack of jurisdiction. For the reasons that follow, we reverse the trial court's order denying the motion to dismiss.

Sherry N. Sumner and Marcus C. Batchelor received a final order of divorce in the Superior Court of Effingham County on April 2, 2009, which order awarded custody of the couple's minor children to Sumner. Thereafter, Sumner and the children moved to Chatham County. In August 2010, Batchelor filed a change-of-custody petition in the Superior Court of Effingham County. Although Batchelor's petition alleged that Sumner's last known address was a residence in Chatham County rather than Effingham County, the Superior Court of Effingham County granted Batchelor's request for ex parte relief, awarding custody of the children to Batchelor.

Sumner thereafter filed a motion to dismiss the petition and asked the court to vacate its ex parte order, which motion the trial court denied after it found that venue was proper in Effingham County based on "the best interests of the children." Sumner now

---

appeals, arguing in her single enumeration that the trial court erred by finding that venue was proper. We agree.

"[A]fter a court has determined who is to be the legal custodian of a child, any complaint seeking to obtain a change of legal custody of the child shall be brought as a separate action in the county of residence of the legal custodian of the child."[1] This language is clear and unequivocal,[2] and based on the face of Batchelor's petition, the Superior Court of Effingham County lacked jurisdiction to adjudicate the petition. Moreover, Sumner challenged the court's jurisdiction based on venue in her responsive pleading, and she presented ample evidence of her residence at the hearing on the matter.[3]

Accordingly, the trial court erred by finding that venue was proper in Effingham County and denying Sumner's motion to dismiss the petition on this basis, and its judgment granting custody to Batchelor is therefore void.[4]

*Judgment reversed. Ellington, C. J., and Miller, J., concur.*

DECIDED FEBRUARY 3, 2012.

*Karen D. Barr*, for appellant.
*Hall & Kirkland, Martha C. Hall*, for appellee.

---

[1] OCGA § 19-9-23 (a).
[2] See *McCall v. McCall*, 246 Ga. App. 770, 772 (542 SE2d 168) (2000).
[3] Compare *Houston v. Brown*, 212 Ga. App. 834 (443 SE2d 3) (1994).
[4] See *Hatch v. Hatch*, 287 Ga. App. 832, 835 (2) (652 SE2d 874) (2007).