**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

December 19, 2012

# In the Court of Appeals of Georgia

A12A2320. HAMMONDS v. PARKS.

MCFADDEN, Judge.

This case originated as a contempt action: the custodial father, Lorenzo Hammonds, alleged that the child's mother, Eden Parks, had violated a provision of the custody order. Contrary to the rule that petitions for change of custody brought against custodial parents must be brought as separate actions, as well as the rule that such petitions must be brought in the custodial parent's county of residence, OCGA § 19-9-23, the trial court granted the mother's oral motion for change of custody. She was without jurisdiction to do so, and we reverse. That unauthorized custody ruling led to several subsequent unauthorized rulings, and we reverse those as well – with the exception of a contempt order against the father, which is moot because the term of incarceration has already been served.

One of the orders on appeal contains another contempt ruling on an issue properly before the trial court, which has not been challenged on appeal; we affirm that portion of that order. Finally, we do not review Hammonds's request for reimbursement of child support and certain costs connected with the improper change-in-custody proceedings, because the request does not enumerate a trial court error.

1. *Facts and procedural background.*

Parks failed to file an appellate brief. Consequently, we may accept as true Hammonds's statement of facts. Ct. App. R. 25 (b) (1).

Hammonds and Parks are the parents of the child whose custody is at issue in this case. They never married, but Hammonds legitimated the child in 2003. In 2009, the DeKalb County Superior Court entered an order awarding Hammonds primary physical custody of the child and incorporating a parenting plan. (The record conflicts on whether Hammonds also was awarded sole legal custody of the child. The 2009 order provided that the parents share joint custody, but the terms of the parenting plan gave Hammonds sole legal custody. The trial court in this case found that Hammonds had sole legal custody of the child. We can decide this appeal, however, without resolving that conflict.)

2

On August 17, 2011, Hammonds filed in the DeKalb County Superior Court a petition for citation of contempt, in which he alleged that Parks had violated a term of the custody order regarding the child's medical treatment. At a hearing on the contempt petition, Parks orally sought a change in the child's custody to her. Hammonds objected to this request on the ground that the DeKalb County Superior Court was not authorized to hear a change-in-custody petition brought against him because he did not live in DeKalb County. Nevertheless, the trial court received evidence on the custody issue at the hearing. On December 5, 2011, the court entered an order finding Parks in contempt for violating the earlier custody order but requiring Hammonds and Parks to undergo a custody evaluation by a third party, giving Parks temporary custody of the child, directing Hammonds to pay Parks child support as a result of the change in custody, and setting a final hearing on custody, visitation and child support.

Hammonds moved the trial court to set aside those portions of the December 5 order pertaining to custody, again arguing that the DeKalb County court was not authorized to rule on a request for change in custody because Hammonds did not reside in that county. The trial court denied the motion to set aside on March 15, 2012, and in that order directed Hammonds to provide it with certain financial

documents that the court deemed necessary "[t]o make a proper determination on custody and support."

On June 7, 2012, the trial court issued two orders in which it found that Hammonds had failed to provide the required financial documents. In one order, the court held Hammonds in contempt and ordered that he be incarcerated. In the other, the court imposed attorney fees upon Hammonds. Hammonds filed a timely notice of appeal from the June 7 orders.

2. *Appellate jurisdiction.*

This Court has a duty to inquire into its jurisdiction to entertain each appeal. *Forest City Gun Club v. Chatham County*, 280 Ga. App. 219, 220 (633 SE2d 623) (2006). Hammonds asserts claims of error related to the change-in-custody order, the order declining to set aside the change-in-custody order, the order holding him in contempt, and the order imposing upon him attorney fees. He is entitled to a direct appeal from the contempt order and the attorney fee order, because the trial court based its rulings in those orders on Hammonds's failure to abide by an order in a child custody case, namely the court's order that he provide certain documents in connection with, inter alia, the custody determination. See OCGA § 5-6-34 (a) (11). And Hammonds is entitled to appellate review of the earlier orders regarding change

4

in custody, because those rulings were "rendered in the case . . . and . . . may affect the proceedings below." OCGA § 5-6-34 (d).

3. *Rulings pertaining to change in custody.*

Whether the DeKalb County court was authorized to modify custody in this case presents a question of law, and we owe no deference to the trial court's ruling. See *Seeley v. Seeley*, 282 Ga. App. 394, 395 (1) (638 SE2d 837) (2006). We agree with Hammonds that the court was not authorized to issue the rulings pertaining to change in custody, because the change-in-custody request did not comply with OCGA § 19-9-23.

OCGA § 19-9-23 requires a party seeking to obtain a change of legal custody to bring "a separate action in the county of residence of the legal custodian of the child," OCGA § 19-9-23 (a), or, if the party seeking the change in custody is the legal custodian, to bring "a separate action in compliance with Article VI, Section II, Paragraph VI of the Constitution of this state." OCGA § 19-9-23 (b). That Constitutional provision requires the case to be tried "in the county where the defendant [here, the respondent in the change-in-custody action] resides." Ga. Const. of 1983, Art. VI, Sec. II, Par. VI. The party seeking a change in custody cannot make such request as a counterclaim or other response to an action seeking to enforce a

5

child custody order. OCGA § 19-9-23 (c). See *Saravia v. Mendoza*, 303 Ga. App. 758, 761 (1) (695 SE2d 47) (2010). The provisions of OCGA § 19-9-23 are clear, unequivocal and mandatory. *Bailey v. Bailey*, 283 Ga. App. 361, 362-363 (641 SE2d 580) (2007).

Parks's oral motion for change in custody failed to meet the requirements of OCGA § 19-9-23 in two respects. First, Parks did not seek the change in custody in a separate action, but rather in response to the contempt petition Hammonds brought against her. "Our courts have repeatedly held that [OCGA § 19-9-23] precludes a counterclaim seeking a change in custody." (Citations omitted.) *Seeley*, 282 Ga. App. at 396 (1). See generally *Daust v. Daust*, 204 Ga. App. 29, 30 (418 SE2d 409) (1992) ("the general rule [is] that an action for contempt cannot be the vehicle used by a respondent to modify custody") (citation omitted). Second, Parks did not seek a change in custody in the county in which Hammonds lived, as required under both OCGA §§ 19-9-23 (a) and (b). See *Sumner v. Batchelor*, 313 Ga. App. 878, 879 (722 SE2d 858) (2012).

Contrary to the trial court's conclusion, Hammonds did not waive his right to assert the impropriety of the change-in-custody request under OCGA § 19-9-23 by bringing the contempt petition against Parks in DeKalb County. See, e.g., *Kapur v.*

6

*Roach*, 272 Ga. 767, 768 (534 SE2d 420) (2000) (where custodial mother agreed to the transfer of her claims for contempt and custody modification to county in which father had moved, and father then filed a counterclaim also seeking custody modification, mother had not waived her defenses under OCGA § 19-9-23 that father had not filed a separate action in her county of residence; to hold otherwise would "ignore[ ] the clear mandate of the statute regarding counterclaims"); *Jones v. Jones*, 256 Ga. 742, 743 (352 SE2d 754) (1987) (where custodial mother brought action for visitation modification in father's county of residence and father counterclaimed for change in custody, the change-in-custody request should have been dismissed as improper under OCGA § 19-9-23 because it was neither a separate action nor brought in the mother's county of residence). Hammonds did not consent to the inclusion of custody matters in the contempt action, but instead objected to the trial court's consideration of Parks's oral motion to modify custody. Compare *Daust*, 204 Ga. App. at 31 (trial court did not err in denying mother's motion to dismiss change-in-custody request raised in counterclaim to her contempt motion where she had fully participated in the process leading up to the trial court's custody orders and had consented to the first two such orders).

Under these circumstances, Parks's motion for a change in custody was improper under OCGA § 19-9-23, and it was error for the trial court to entertain it. See *Jones*, 256 Ga. at 743. Accordingly, we reverse those portions of the trial court's December 5, 2011 order pertaining to the change in custody, we reverse the trial court's March 15, 2012 order denying Hammonds's motion to set aside the earlier change-in-custody rulings and requiring Hammonds to produce documents, and we reverse the trial court's June 7, 2012 order awarding attorney fees to Parks for Hammonds's failure to produce documents relating to the change-in-custody proceedings.

4. *Ruling on Hammonds's contempt petition against Parks.*

The trial court's December 5, 2011 order also contained a ruling on the contempt petition properly brought by Hammonds in that court. No challenge on appeal has been brought as to this ruling, and accordingly it is affirmed.

5. *Ruling finding Hammonds in contempt.*

In one of its June 7, 2012 orders, the trial court found Hammonds to be in contempt and ordered him to spend a period of time in jail for failing to produce financial information in connection with the change-in-custody proceedings. As explained above, the trial court lacked the authority to order Hammonds to produce

8

the documents in the first instance. Nevertheless, Hammonds already has served his jail time for contempt of the production order, and he has been released. "[W]here a litigant is found to be in contempt of court and is ordered held in jail, his appeal of that order becomes moot upon his release from jail." (Citation omitted.) *Herring v. Herring*, 236 Ga. 43, 44 (1) (222 SE2d 331) (1976). See *Johnson v. State*, 306 Ga. App. 844, 846 (2) (702 SE2d 920) (2010). Accordingly, we must dismiss as moot Hammonds's appeal of the contempt order.

6. *Hammonds's request for reimbursement.*

Hammonds states that he is entitled under principles of equity to be reimbursed by Parks for the child support he has paid her since the entry of the December 5, 2011 custody modification and for the cost he paid for a custody evaluation required under that order. But we are a court for the correction of errors of law committed in the trial court. *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 829 (2) (573 SE2d 389) (2002). Because Hammonds's request for reimbursement does not enumerate a trial court error, we decline to review it. See id.

*Judgment affirmed in part and reversed in part, and appeal dismissed in part. Barnes, P. J., and Adams, J., concur.*