# Court of Appeals
# of the State of Georgia

ATLANTA,____August 20, 2015_____

*The Court of Appeals hereby passes the following order:*

**A15A0821.  SMITH v. THE STATE.**

On August 22, 2014, Robert Smith filed a notice of appeal from what he claims was "[t]he denial of his Motion to Vacate a Void and Illegal Recidivist Sentence the order being July 27, 2014."[1] The appellate record contains only one order with a stamped "Filed" date in July 2014; that order, stamped July 28, 2014, is captioned "Order Denying Defendant's Motion for a Hearing on Sentence Modification." The substance of the order in its entirety is as follows.

> Defendant filed a letter and brief with the Court on July 15, 2014. In essence, Defendant asks this Court to produce him for a hearing so that he can present evidence of an illegal sentence. The Court has reviewed the same, as well as the applicable law and hereby DENIES said Motion. **SO ORDERED**, this 27th day of July, 2013.

For the following reasons, this case is remanded to the trial court for clarification of this order.

On July 15, 2014, Smith filed in the trial court a letter addressed to "Honorable Judge." The letter pertinently reads: "I am writing you with a request, I would ask that I be allow [sic] to be present on my recently filed motion. I have found evidence to

---

[1] In March 2011, in an unpublished opinion, this Court affirmed Smith's convictions for two counts of burglary in the underlying case.

prove my recidivist sentence . . . is illegal and void." On the same day (July 15, 2014), Smith filed two other documents – a "Motion to Vacate a Void and Illegal Recidivist Sentence," and a "Brief of Petitioner." In his brief, Smith alleged two grounds upon which his sentence was void: (1) "[t]he court . . . allowed non conviction non indicted cases to be used as prior convictions to sentence petitioner as a recidivist"[2]; and (2) "[t]he court improperly counted a consolidate [sic] conviction as two individual prior convictions in order to have the required amount of prior convictions so as to sentence petitioner as a recidivist."[3]

We are hindered in our review of Smith's appeal because the order at issue is ambiguous as to whether the order entered regarded Smith's request to be produced (for a hearing), Smith's challenge to his sentence, or both. The caption of the order provides that the trial court was "Denying Defendant's Motion for a Hearing on Sentence Modification." In the first sentence of the order, the court acknowledged Smith's filing of a letter and brief, but not of any motion to vacate a sentence. In the second sentence, the court reiterated pertinently that "Defendant asks this Court to *produce him for a hearing*."[4] The only mention of a motion is in the caption of the order, and that refers to a motion for a hearing. Therefore, where, in the third sentence of the order, the court wrote that it had reviewed "the same," and that it "DENIES said Motion," it appears that the court denied what it deemed in Smith's letter to be a motion to be produced for a hearing; the "applicable law" possibly being that

---

[2] See *Jenkins v. State*, 235 Ga. App. 547, 550 (3) (c) (510 SE2d 87) (1998) ("prior arrests are not properly considered in imposing recidivist punishment") (citation omitted).

[3] See OCGA § 17-10-7 (d), providing that for the purpose of imposing sentence as a recidivist, "conviction of two or more crimes charged on separate counts of one indictment or accusation, or in two or more indictments or accusations consolidated for trial, shall be deemed to be only one conviction"; and see *Fuller v. State*, 233 Ga. App. 211, 211-212 (504 SE2d 62) (1998).

[4] (Emphasis supplied.)

"[e]ven for those convicted of a felony, the constitutional right of the accused to be present during the course of the trial does not extend to post-verdict procedures. . . ."[5] Notwithstanding, Smith contends in his notice of appeal and appeal brief that he is appealing "from the denial of his motion to vacate a void and illegal recidivist sentence." Therefore, it is necessary to remand this case for clarification of the order.

If the order entered was as to Smith's challenge to his sentence, on remand, the trial court should clarify whether the court considered the challenge as a motion to modify the sentence pursuant to OCGA § 17-10-1 (f), or as a motion to vacate the sentence as void. Pursuant to OCGA § 17-10-1 (f), a court's jurisdiction to correct or to reduce a sentence of imprisonment it has imposed is limited.[6] However, the trial court has jurisdiction to vacate a void sentence at any time.[7] Here, the caption of the order indicates that Smith desired a hearing for a "Sentence Modification," but in the second sentence of the order, the court recognized Smith's desire to "present evidence of an illegal sentence." Therefore, we are unable to determine whether the court denied the motion based on OCGA § 17-10-1 (f),[8] or on the merits.[9]

---

[5] *Johnson v. State*, 306 Ga. App. 844, 846 (1) (702 SE2d 920) (2010) (punctuation and footnote omitted).

[6] See OCGA § 17-10-1 (f) ("Within one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later, the court imposing the sentence has the jurisdiction, power, and authority to correct or reduce the sentence and to suspend or probate all or any part of the sentence imposed.").

[7] *Burg v. State*, 297 Ga. App. 118 (676 SE2d 465) (2009).

[8] See generally *Davis v. State*, 291 Ga. App. 252-253 (661 SE2d 872) (2008).

[9] See generally *Burg*, supra at 119-120 (appeal dismissed from the denial of a motion to correct a "void sentence" where the defendant conceded that his sentence was within the applicable penalty range and thus, the defendant's effort to characterize his sentence as void failed to raise a colorable claim of voidness).

Accordingly, this case is hereby remanded for the trial court to clarify its order.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* __08/20/2015__
   *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*