# Court of Appeals
# of the State of Georgia

ATLANTA,___May 17, 2016_____

*The Court of Appeals hereby passes the following order:*

**A16A0623.  CLIFTON v. MCALISTER.**

Wendi Clifton filed a petition seeking specific performance of a parenting agreement that she had executed with her former same-sex partner, Erin McAlister. McAlister filed a motion for judgment on the pleadings, contending that Clifton had failed to state a claim upon which relief could be granted. The trial court agreed with McAlister and dismissed Clifton's petition. Clifton now appeals from that ruling.

"This Court has a duty to inquire into its jurisdiction to entertain each appeal." *Hammonds v. Parks*, 319 Ga. App. 792, 793 (2) (735 SE2d 801) (2012).  The Supreme Court of Georgia has appellate jurisdiction over "[a]ll equity cases." Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (2).  "Under the current appellate jurisdiction scheme, . . . [the Supreme] Court, rather than the Court of Appeals, should decide in the first instance whether . . . [a] novel equitable remedy that was sought in and denied by the trial court is available in Georgia[.]"  *Williford v. Brown*, No. S16A0177 (Ga. May 9, 2016).  This issue in this case is whether equitable relief in the form of specific performance of a parenting agreement between former same-sex partners is available in Georgia, which is a matter of first impression. Accordingly, the present appeals comes within the Supreme Court's appellate jurisdiction over equity cases and is hereby TRANSFERRED to that Court for resolution.  Court of Appeals Rule 11 (b).



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*_____05/17/2016_____
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*