McMillian, Judge.
Willie and Yvonne Hill, the maternal grandparents of K. L., a minor child, appeal the trial court’s award of sole legal custody of K. L. to her father, Gerren lies (“Father”). The Hills assert that the trial court erred in awarding Father sole legal custody of K. L. because (1) the only issue before the trial court was Father’s motion to vacate the Hills’ guardianship of K. L. and (2) K. L.’s mother (“Mother”) was not given notice of the pending action or hearing date.[1] For the reasons that follow, we vacate and remand.
*821 We review a trial court’s order regarding a change in custody or visitation for an abuse of discretion. Jackson v. Sanders, 333 Ga. App. 544, 558 (5) (773 SE2d 835) (2015). However, whether a trial court is authorized to modify custody is a question of law, and we owe no deference to the trial court’s ruling. See Hammonds v. Parks, 319 Ga. App. 792, 794 (3) (735 SE2d 801) (2012).
The limited record shows that K. L. was born in 2007. Father was not listed on the birth certificate. Father and Mother later married in 2008 and moved to Texas to live with Father’s parents. In 2009, Mother took K. L. to Georgia, and in 2010, Mother sent K. L. to live with the Hills. In July 2012, with Mother’s consent, the Hills filed a petition for temporary letters of guardianship of K. L. in the Probate Court of Walton County. Because the Hills alleged that Father’s address was unknown, he was served by publication.[2] The probate court then granted the Hills’ petition.
Just over two years later, in August 2014, Father filed a motion to vacate the order granting the temporary letters of guardianship. Father also attempted to introduce the results of a DNA test indicating he was the biological father of K. L. The Hills objected to Father’s motion, and Father later moved for a judgment on the pleadings. On May 12, 2015, the probate court denied Father’s motion, finding that, although the marriage of the mother and biological father of a child born out of wedlock and recognition of the child by the father shall render the child legitimate, the father must still prove he is the biological father. The probate court further found that the DNA report was insufficient to establish that Father was K. L.’s biological father because the report did not include a client identification form or chain of custody.
Father timely appealed to the Superior Court of Walton County. In June 2016, the trial court held a hearing and found the chain of evidence for Father’s initial DNA test was inadequate and ordered that a new test be completed. During a later hearing in October 2016, Father’s paternity was confirmed.[3] The trial court then issued an order terminating the Hills’ temporary letters of guardianship, granting Father full legal custody of K. L., and providing for Father’s visitation with K. L. until she finished the remainder of the school semester in Georgia. This appeal followed.[4]
*822 1. In their first enumeration of error, the Hills assert that the trial court was not authorized to award custody to Father because the only issue before the trial court was Father’s appeal of the denial of his motion to vacate the temporary letters of guardianship. Georgia law is clear that any complaint seeking to obtain legal custody of a child “shall be brought as a separate action.” OCGA § 19-9-23 (a). See also Hammonds, 319 Ga. App. at 794 (3) (mother’s oral motion for change in custody failed to meet requirements of OCGA § 19-9-23 where it was brought in response to a contempt petition and not in the county where father resides); Whitlock v. Barrett, 158 Ga. App. 100, 102-03 (279 SE2d 244) (1981) (“we know of no authority for a superior court to, sua sponte, change the nature of a case from one involving an application for letters of guardianship to one involving a parent’s right to custody over her child”). Accordingly, it was error for the trial court to grant a change in custody, and we therefore vacate that portion of the trial court’s order. See Hammonds, 319 Ga. App. at 795 (3).
2. Based on our holding in Division 1, we need not reach the Hills’ second enumeration of error.

Judgment vacated and case remanded.

Barnes, P. J., concurs. Mercier, J., concurs specially.

 Father has not filed a response brief on appeal.

 There appears to have been uncertainty for some time as to whether Father was K. L.’s biological father.

 The trial court also confirmed that, although Mother and Father had lived in separate states since 2009, they were still legally married.

 On appeal, the Hills contest only that portion of the trial court’s order granting full legal custody to Father and do not challenge the termination of the letters of guardianship.